*[421]
 
 SCHWAB, C. J.
 

 The issue presented by this appeal is whether the police may make a warrantless search of luggage found inside a motor vehicle after the vehicle has been removed from the place of the driver’s arrest to a private lot.
 
 [1]
 
 We hold that they may.
 

 The pertinent facts are as follows. In July 1976, an undercover investigator of the Lane Interagency Narcotics Team was introduced to the defendant by several of the defendant’s friends. The defendant resided in a motor vehicle, a Ford bus, at Prairie Road in Lane County. The investigator had been requested to bring a bottle of a drug, P-2-P, to the Prairie Road address. The defendant and the investigator discussed the manufacture of amphetamines. The defendant introduced the investigator to another person whom the defendant indicated would be involved in the manufacture of amphetamines. The investigator then gave the P-2-P to this person.
 

 The following day the defendant introduced the investigator to two men who had just driven onto the Prairie Road address. In the course of the defendant’s conversation with the two men, the investigator learned that the two had stolen 12 chain saws from the Forest Service in Coos Bay. The investigator asked the price of the chain saws. Several days later, the investigator was told by one of the defendant’s friends that the defendant would be selling the saws. On July 20, the investigator purchased one of the chain saws from an individual other than the defendant. The serial number on that saw matched one of the serial numbers on the chain saws that had been reported stolen.
 

 At some unnamed date during the investigator’s dealings with the defendant, the investigator observed a battery charger in the defendant’s possession which the defendant stated he had stolen from an auto parts store.
 

 
 *[422]
 
 During the course of the investigation, the undercover investigator had communicated all of the above information to his supervisor. On July 24, the supervisor decided the investigation should be terminated. On that date, the defendant’s bus, along with several other buses, was headed toward a park in order to wait for the delivery of some newly manufactured amphetamines. The police, relying on information provided by the investigator as to the route of the buses, stopped the caravan of buses a short distance from the park.
 

 The defendant, who was driving his bus, was arrested immediately. Police then entered the bus in search of other persons who might be hiding in its interior. Inside the bus, the police observed several chain saws, all identical to the stolen one purchased by the undercover investigator, and a battery charger. At that time, the police decided to tow the bus to Eugene and impound it, rather than leave it on the side of the road, because the bus had a number of open windows which could not be locked.
 

 After the bus was towed some twenty miles to Eugene, the police searched the inside of the bus. In addition to chain saws and battery charger, they observed a small, closed but unlocked suitcase, several boxes of tools, dishes, clothing and food. The suitcase was opened by police. Inside, they found a closed cosmetic case which, when opened, was found to contain a paper sack with a bottle of P-2-P inside.
 

 Defendant was indicted under ORS 161.450 for conspiring to engage in criminal activity in drugs. Before trial, he filed a motion to suppress the P-2-P seized. The trial court granted the motion. The state appeals pursuant to ORS 138.060(3).
 

 Warrantless searches and seizures of motor vehicles may be carried out by police if there are both exigent circumstances and probable cause to believe that the vehicle will yield contraband or evidence useful for the prosecution of a crime.
 
 See Coolidge v.
 
 
 *[423]
 

 New Hampshire,
 
 403 US 443, 460, 91 S Ct 2022, 29 L Ed 2d 564 (1971);
 
 Chambers v. Maroney,
 
 399 US 42, 90 S Ct 1975, 26 L Ed 2d 419 (1970); Note,
 
 Warrantless Searches and Seizures of Automobiles,
 
 87 Harv L Rev 825, 835 (1974). However, as we stated in
 
 State v. Greene,
 
 30 Or App 1019, 1023, 568 P2d 716 (1977),
 

 "* * * the results, rather than the rationales, of the cases suggest that the rule with respect to automobile searches may well be that no warrant is ever required because the mobility of an automobile is itself a sufficiently exigent circumstance to justify a warrantless search * *
 

 Given the right to search a motor vehicle for certain items, in the course of conducting such a search, the police may search compartments and containers within the vehicle where the items being sought may by their nature possibly be found.
 
 See United States v. Tramunti,
 
 513 F2d 1087, 1104-05 (2d Cir),
 
 cert denied
 
 423 US 832 (1975);
 
 United States v. Issod,
 
 508 F2d 990, 993 (7th Cir 1974),
 
 cert denied
 
 421 US 916 (1975);
 
 United States v. Evans,
 
 481 F2d 990, 993-94 (9th Cir 1973);
 
 State v. Pennington,
 
 28 Or App 331, 334, 559 P2d 915, Sup Ct
 
 review denied
 
 (1977);
 
 State v. Diaz,
 
 3 Or App 498, 504, 473 P2d 675, Sup Ct
 
 review denied
 
 (1970). When police officers could have made a constitutionally permissible search of a motor vehicle on the scene where it was stopped, they may also do so later at a police station without obtaining a warrant.
 
 Texas v. White,
 
 423 US 67, 68, 96 S Ct 304, 46 L Ed 2d 209 (1975);
 
 Chambers v. Maroney, supra
 
 at 52;
 
 State v. Miller,
 
 14 Or App 396, 399, 513 P2d 508 (1973).
 
 See
 
 discussion in
 
 State v. Keith,
 
 2 Or App 133, 142-44, 465 P2d 724, Sup Ct
 
 review denied
 
 (1970).
 

 The information obtained by the undercover investigator regarding the defendant’s alleged involvement in the manufacture of illegal drugs and dealings in stolen goods was sufficient to provide the police with probable cause to search the defendant’s vehicle at the time of his arrest. This information also provided the
 
 *[424]
 
 police with probable cause to search any closed compartments, including suitcases, found in the defendant’s vehicle for contraband. The mobility of the defendant’s vehicle, as well as the inability of the police to lock the vehicle, were sufficient exigent circumstances to dispense with the need for a warrant at the scene. Because the police could have searched defendant’s suitcase in his vehicle at the time of his stop and arrest, under the rationale of
 
 Chambers v. Maroney, supra,
 
 and
 
 Texas v. White, supra,
 
 they were permitted to make an off-the-scene search at the private towing lot.
 

 Defendant contends that
 
 State v. Keller,
 
 265 Or 622, 510 P2d 568 (1973), would prohibit a warrantless police search of the suitcase found in his vehicle. However, the holding in
 
 Keller
 
 dealt only with the permissible scope of an inventory search and not a search based on probable cause.
 
 State v. Valdez,
 
 27 Or App 329, 338, 556 P2d 132 (1976),
 
 reversed on other grounds,
 
 277 Or 621, 561 P2d 1006 (1977). Defendant also contends that the warrantless search of his vehicle was improper because his vehicle was also used as his residence and, therefore, the automobile-exception to the search-warrant requirement was inapplicable. One rationale advanced for the motor vehicle-exception to the search-warrant requirement is that the inherent mobility of a motor vehicle makes it impractical for courts to rigorously enforce the warrant requirement.
 
 South Dakota v. Opperman, 428 US
 
 364, 367, 96 S Ct 3092, 49 L Ed 2d 1000 (1976);
 
 Carroll v. United States,
 
 267 US 132, 153-54, 45 S Ct 280, 69 L Ed 543, 39 ALR 790 (1925).
 
 [2]
 
 Defendant chose to live in a bus. By doing so, he subjected himself to less rigorous warrant requirements than those pertaining to more stationary abodes.
 

 Reversed and remanded.
 

 [1]
 

 There is no question but that probable cause existed.
 

 [2]
 

 For another rationale,
 
 see United States v. Chadwick,
 
 433 US 1, 97 S Ct 2476, 53 L Ed 2d 538, 549 (1977) (diminished expectation of privacy exists in an automobile because of its transportation function).