SCHWAB, C. J.
Defendant was convicted upon trial to the court without a jury of theft in the second degree, a misdemeanor, ORS 164.045. The trial court sentenced the defendant to one year in county jail, but suspended the sentence for a period of four years, providing the defendant obeyed various conditions placed upon the suspension. The defendant appeals.
First, the defendant argues that the trial court erred in denying his motion to suppress a stolen battery charger seized by the police from the defendant’s motor vehicle on the ground that the warrantless police search of the vehicle was illegal. In State v. Downes, 31 Or App 419, 571 P2d 914 (1977), we upheld the warrantless police search of the defendant’s motor vehicle, the same search in issue in this case.
Second, defendant argues that the trial court erred in refusing to suppress testimony of a police undercover investigator involved in this case because the investigator destroyed fragmentary notes, made in the field, of the defendant’s activities. We rejected an identical argument in State v. Bray, 31 Or App 47, 569 P2d 688 (1977).
Third, defendant claims that he was denied his constitutional right to a speedy trial by the state’s alleged nine-month delay in trying him on the charge involved in this case. None of the facts recited by the defendant demonstrate that this delay, which was in part a result of the fact that the defendant was being tried on other felony charges, was prejudicial to the defendant. Barker v. Wingo, 407 US 514, 92 S Ct 2182, 33 L Ed 2d 101 (1972), resolves this issue contrary to defendant’s position.
Finally, defendant disputes the validity of one of the conditions of the trial court order suspending execution of sentence. The order reads in pertinent part:
*[882] «* * * it IS FURTHER ORDERED that execution of said sentence is suspended for a period of four (4) years under the following terms and conditions:
"1. Defendant shall violate no law and shall conduct himself as a peaceful and law-abiding citizen;
* ‡ * *
"5. If defendant is on parole or probation on any other charge he shall faithfully abide by all the rules and regulation of such parole or probation;
******
"9. Defendant shall be in the custody of the Lane County Sheriff for thirty days following his release from the penitentiary upon the charges upon which he is presently incarcerated in the Oregon State Penitentiary.”
Defendant is presently incarcerated in the Oregon State Penitentiary for various felony convictions.[1] He objects to clause 9 of the trial court’s order. Defendant argues that since he is presently in the custody and control of the Corrections Division as a result of his current incarceration in the state penitentiary, the Corrections Division, not the trial court, should determine when he should serve his sentence in the county jail. Defendant maintains that the Corrections Division is in the best possible position to make this decision, because the timing of his county jail sentence could affect his eligibility for various rehabilitation programs available to him upon his release from the state penitentiary.
We find that the trial court order is so ambiguous as to require that defendant be resentenced. If the court intended to suspend the defendant’s sentence, it had no authority to impose a sentence in the county jail. If, on the other hand, the trial court intended to place the defendant on probation, the order does not precisely indicate when the defendant should serve his county jail term if he is placed on parole and is, therefore, *[883] during the period, under the supervision and control of the Corrections Division.[2]
Affirmed in part; reversed in part and remanded for resentencing.

The record does not disclose when defendant will be discharged from the penitentiary.

While we express no opinion as to the validity of a county jail sentence which follows a termination of a defendant’s status as a parolee, it seems of questionable rehabilitative value to order a defendant to serve such sentence following the successful completion of his work release and parole. See State v. Culbertson, 29 Or App 363, 563 P2d 1224 (1977).