Argued April 3, 1978, reversed February 27, 1979

# STATE OF OREGON, *Respondent,*
*v.*
# GARY LEE FONDREN, *Petitioner.*
## (No. 20990, CA 7504, SC 25651)

591 P2d 1374

J. P. Graff, of Gildea & McGavic, P. C., Eugene, argued the cause and filed the briefs for petitioner.

John W. Burgess, Assistant Attorney General, Salem, argued the cause for respondent. With him on the briefs were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Stephen Kanter, Portland, filed a brief amicus curiae in behalf of Oregon American Civil Liberties Union.

DENECKE, C. J.

**DENECKE, C.J.**

This is another of the search and seizure of vehicle cases in which we granted review. *State v. Greene,* 30 Or App 1019, 568 P2d 716 (1977); *State v. Downes,* 31 Or App 419, 571 P2d 914 (1977); *State v. Groda,* 32 Or App 287, 573 P2d 1269 (1978).

In *State v. Greene, supra,* 285 Or 337, 591 P2d 1362 (1979), we discussed the general principles governing searches and seizures of automobiles.

The facts in this case are that early one evening an officer received reliable information that the defendant had marijuana in the trunk of his car which was parked at the defendant's place of employment. The officer verified the location and ownership of the car. At about 11:30 p.m. the officer went to defendant's place of employment and asked defendant if he could look in his trunk. The defendant refused and the officer had the car towed to the police garage. The next day the officer secured a search warrant and found the marijuana.

The defendant filed a motion to suppress. The trial court found there were no exigent circumstances permitting the seizure of the car without a warrant and suppressed the evidence. The Court of Appeals reversed in a per curiam opinion which appears to state that no exigent circumstances need exist to seize an operable automobile without a warrant. *State v. Fondren,* 30 Or App 1045, 568 P2d 721 (1977).

The state argues in this case and in *State v. Greene, supra,* (285 Or 337), that exigent circumstances are not necessary in this case or in *Greene* because the officer did not have to "invade an enclave of the defendant's privacy to make a seizure"; the employe parking lot was not an enclave of privacy, neither was the residential driveway in *Greene.*

Some past decisions lend plausibility to this contention; however we are of the opinion that it does not

apply in the present case. The principle germinated in *Hester v. United States,* 265 US 57, 44 S Ct 445, 68 L Ed 898 (1924), in which the officers trespassed on private land and seized containers of moonshine whiskey which had been dropped by the fleeing suspects. The Court stated the containers and their contents had been abandoned and the Fourth Amendment does not apply to a seizure of abandoned property in "open fields."

*Hester* was cited in support of the decision in *G.M. Leasing Corp. v. United States,* 429 US 338, 97 S Ct 619, 50 L Ed2d 530 (1977), in which the officers seized automobiles in satisfaction of tax assessments. The Court held that because the seizures took place on public streets, no invasion of privacy was involved and the seizures were not unconstitutional. The Oregon Court of Appeals followed the rationale of *Hester* in *State v. Stanton,* 7 Or App 286, 490 P2d 1274 (1971), and held the seizure of a marijuana plant in an "open field" was not subject to Fourth Amendment protections.

We conclude that the absence of Fourth Amendment protections in these circumstances is because of the nature of the object seized as well as the place of seizure. In *Hester* it was abandoned contraband; in *Stanton* it was contraband; in *G.M. Leasing* it was property that the government was entitled to seize to satisfy taxes. The government has traditionally been granted broad powers to seize property to satisfy taxes. Notes, 23 NY Law School L Rev 791 (1978); 29 Mercer L Rev 359 (1974).

An automobile on the public street is protected by the Fourth Amendment. *Chambers v. Maroney,* 399 US 42, 51, 90 S Ct 1975, 26 L Ed2d 419 (1970), so held. *Chambers* was based upon an interpretation of the Fourth Amendment commenced in *Carroll v. United States,* 267 US 132, 45 S Ct 280, 69 L Ed 543, 39 ALR 790 (1925). The doctrine of *Carroll* is that if the officers have probable cause to believe that a car

contains evidence of a crime and there are exigent circumstances requiring immediate action, the car can be be seized and searched without a warrant. In *Carroll* and in almost all of its offspring, the car involved was stopped by the officers on a public street or in a public place where there was no expectation of privacy. Nevertheless, in all of those cases the applicability of the Fourth Amendment was assumed and a warrantless search and seizure was weighed by the criteria of probable cause and exigent circumstances. We are of the opinion that whether the seizure was valid in this case depends upon the same criteria.

The defendant does not contend the officers did not have probable cause. The issue is, were there exigent circumstances; that is, was the contraband likely to disappear if the officers could not seize the car without securing a warrant? *State v. Greene, supra* (285 Or 337). The trial court held there were no exigent circumstances and we concur. The Court of Appeals was in error in holding that the trial court erred in holding "that in addition to probable cause, exigent circumstances to seize or search an operable automobile must exist before such can be done without a warrant." 30 Or App at 1047.

The facts on the issue of exigency are: Between 6:30 and 7:30 p.m. the officer obtained the information that marijuana was in the trunk of a car driven or owned by defendant, the make and license number of the car, that the defendant was employed by Brooks-Willamette and that the car was now parked in a Brooks-Willamette employes' parking lot. The information and the source of the information were sufficient to provide the officers with probable cause to believe marijuana was in the car. Within 45 minutes after receiving the information the officer found the car on the Brooks-Willamette lot. He then discussed the matter with his shift commander and verified that the car was registered to a Fondren; however, not to the defendant Gary Fondren. The officer discussed with his commander whether to seek a search warrant.

[365]

At 8:45 the officer, with another officer, went back and looked at the car. The officer then did "some checking" on defendant. At some time during the evening the officer talked to a deputy district attorney about the matter. At 10:00 or 10:30 p.m. the officer contemplated preparing an affidavit to apply for a search warrant but decided there was not enough time as the defendant would finish his shift at 12:00. The officer testified an affidavit can be prepared and a search warrant can be obtained within an hour and a half to four hours.

At 11:30 p.m. the officer went to Brooks-Willamette and had the defendant called from his job. The defendant refused to consent to a search of his car. The officer had the defendant's car towed to the police garage. The next day the officer prepared an affidavit containing the information he had from the previous evening and the court issued a search warrant. The trunk was searched and the marijuana was seized.

■ As we observed in *State v. Greene, supra* (285 Or 337): "Underlying both of these propositions [probable cause and exigent circumstances] is the overall principle * * * that searches [and seizures] conducted without a warrant are *per se* unreasonable, subject only to a few exceptions." 285 Or at 340-341.

■ In this case, at least four hours before the defendant was due to finish his shift and go to his car, the officer had all the information he needed to establish probable cause to secure a warrant from a magistrate. He had the same information he stated in his affidavit prepared the next day. The officer testified four hours was the maximum time needed to secure a warrant. There is no intimation that anyone other than the defendant would have had access to the car before the defendant finished his shift at midnight. The officer was not concerned with someone else gaining access to the car as he did not put the car under surveillance. That the officer waited until 10:00 p.m. or thereafter to attempt to obtain a warrant and then decided there

was insufficient time does not create exigent circumstances. The officer testified that at a time which must have been around 8:00 p.m. he discussed obtaining a warrant. The officer cannot create exigent circumstances by his own inaction.

The only automobile decision by the United States Supreme Court which held exigent circumstances were not present is *Coolidge v. New Hampshire,* 403 US 443, 91 S Ct 2022, 29 L Ed2d 564 (1971). Whether that part of the decision concerning exigent circumstances was by a plurality or a majority is uncertain, but in any event the facts which we discuss in *State v. Greene, supra* (285 Or 337), are not comparable.

We are of the opinion that exigent circumstances continue to be a valid criteria under the Fourth Amendment as most recently held in *United States v. Chadwick,* 433 US 1, 14, 97 S Ct 2476, 53 L Ed2d 538 (1977), and they are not present in this case.

Reversed.