Argued March 22, affirmed July 2, 1979

STATE OF OREGON, *Respondent,*
*v.*
ROLAND EUGENE EMERY, *Appellant.*

(No. C 78-01-00582, CA 11911)

597 P2d 375

James E. Mountain, Jr., Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D.  Babcock, Public Defender, Salem.

W. Benny Won, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Tanzer, Richardson and Roberts, Judges.

TANZER, J.

**TANZER, J.**

Defendant seeks reversal of his conviction for first degree robbery, ORS 164.415. His third assignment of error, the only one meriting published discussion, challenges the trial court's denial of his motion to suppress physical evidence seized from the car he was driving when arrested. We affirm.

Defendant was stopped by a police officer who noticed that the vehicle driven by defendant matched the radio description of a vehicle used in a nearby robbery a few minutes before. The robbery was reportedly committed by two women with long reddish or blonde hair and a man. One woman reportedly had been armed with a knife, the other with a handgun, and the man with a long-barreled shotgun. Two women with long hair and another man were passengers in the car.

The police removed defendant from the car for questioning. Defendant said he did not own the car, that one of the women might own it, and that he had not driven it before. He also said none of his possessions was in the car. The women both denied ownership. Defendant consented to a search of the car. The officers searched the passenger area of the car and found ammunition and a knife. A search of the trunk revealed a shotgun, a carbine, and a revolver. Defendant offered no contrary testimony.

Defendant argues that the warrantless search of the automobile violated his Fourth Amendment rights because it was initiated without probable cause or exigent circumstances and because his consent was invalid. We do not reach these issues, however, because there is no showing that the defendant was entitled to challenge the legality of the search of the automobile by virtue of having a legitimate expectation of privacy in the car or in the items seized.

Until the recent decision in *Rakas v. Illinois*, 439 US 128, 99 S Ct 421, 58 L Ed 2d 387 (1978),

[37]

the threshold issue in Fourth Amendment search and seizure cases was whether a defendant had standing to object to the search. Standing had previously been held in *Jones v. United States*, 362 US 257, 80 S Ct 725, 4 L Ed 2d 697 (1960), to belong to anyone who was "legitimately on the premises." The United States Supreme Court in *Rakas*, however, disavowed the broad language in *Jones*. It held that Fourth Amendment rights are personal, not vicarious, and that those rights "may be enforced by exclusion of evidence only at the instance of one whose own protection was infringed by the search and seizure." 58 L Ed 2d at 398. Therefore, the court held, a defendant may invoke the exclusionary rule only if he first proves that his own reasonable expectation of privacy was invaded.[1]

*Rakas* was a robbery case involving a stop and search similar to this one. There, as here, the defendant was a passenger in a car owned by the driver and he denied ownership of the ammunition and firearms. The Supreme Court held that he was not entitled to challenge the legality of the search of the automobile because he asserted "neither a property nor a possessory interest in the property seized." 58 L Ed 2d at 393.

The only material difference between the facts in *Rakas* and the facts in the present case is that here the defendant was the driver of the car rather than a passenger. Defendant's unexplained temporary control of the car as driver does not necessarily give him a sufficiently greater expectation of privacy as to its contents to enable him to object to a search of the passenger compartment and the trunk.

Taking the evidence below in the best light for defendant, his statements at the time of arrest indicated that that night was the first time he had driven

---

[1]  "* * * The proponent of a motion to suppress has the burden of establishing that his own Fourth Amendment rights were violated by the challenged search or seizure. * * *" *Rakas v. Illinois*, 58 L Ed 2d at 393, n 1.

*But see* ORS 133.693(4).

the car. He had never at any time put anything in the trunk. None of his personal property was in the car when searched. He did not claim ownership of any of the weapons found. He offered no testimony to establish different facts relating to possession and, for all we know from the record, defendant may have possessed the car as a thief. In this situation the defendant's status as driver entitles him to no greater expectation of privacy as to the contents of the vehicle than that of the defendant in *Rakas.* Accordingly, we hold that defendant has not met his threshold burden of showing that his right to privacy has been invaded. Thus suppression is not warranted. We need not examine the other bases for the search.

■ Defendant argues that we should construe Art I, § 9, of the Oregon Constitution to provide broader protection than the Fourth Amendment. *State v. Flores*, 280 Or 273, 280, 570 P2d 965 (1977), and *State v. Tucker*, 286 Or 485, 595 P2d 1364 (1979), are to the contrary.

Affirmed.