Argued and submitted August 23, reversed and remanded
for a new trial November 13, 1979, appellant's and respondent's
reconsiderations denied January 3, appellant's and respondent's
petitions for review denied February 20, 1980 (288 Or 571)

## STATE OF OREGON,
*Respondent,*

*v.*

## DOUGLAS L. DeLONG,
*Appellant.*

## (No. 78-364 C, CA 13526)

602 P2d 665

Gary L. Hooper, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Mary J. Deits, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Joseph, Presiding Judge, and Lee and Richardson, Judges.

LEE, J.

**LEE, J.**

Defendant appeals his jury conviction of possession of a controlled substance. ORS 475.992. The dispositive issue[1] concerns the trial court's denial of defendant's motion to suppress evidence obtained from a warrantless search of a camera case found in the trunk of defendant's vehicle. We reverse and remand.

On October 30, 1978, a state police officer stopped defendant's vehicle for a speeding violation. As the officer approached the vehicle, he detected the smell of alcohol. He observed four bottles of beer on the rear floorboard. He suspected that both defendant and the passenger were underage and asked them to exit the vehicle. After spying a pistol under a fold-down armrest located between the driver and passenger seat and confirming that both defendant and the passenger were underage, the officer searched the interior of the car.

The search disclosed two open beer bottles in the front seat, five marijuana seeds, a device used to hold a marijuana cigarette, bullets for the pistol, and a pill bottle in a front seat ash tray which contained three black capsules.

The officer then proceeded to search the trunk of the car. In the trunk, he found a travel bar which contained a bag of white powder and scales. Also, in the trunk he found a closed camera case approximately 6 x 3 x 5 inches in size which contained three used hypodermic needles and some empty baggies. It was subsequently determined that one of the syringes had a residue of methamphetamine; the white powder discovered in the travel bar, however, was not a controlled substance nor were the three black capsules.

Defendant moved to suppress the evidence found in the camera case. In denying defendant's motion, the court held that the warrantless search of the vehicle was proper because both "probable cause" and "exigent

---

[1] Defendant made two other assignments of error, which we do not reach because of our disposition of the first issue.

circumstances" existed. On appeal, defendant contends that the trial court erred in denying his motion to suppress.[2]

Subject only to a few exceptions, warrantless seizures and searches are per se unreasonable. *State v. Greene,* 285 Or 337, 340-41, 591 P2d 1362 (1979). The state has the burden of proving that a warrantless search is nevertheless valid. ORS 133.693(4).[3]

In those instances where the police have probable cause to believe that a motor vehicle contains contraband or evidence of a crime, the exigency of the situation created by the inherent mobility of a motor vehicle justifies the search of that vehicle without the necessity of the police first obtaining a warrant. *E.g., Chambers v. Maroney,* 399 US 42, 90 S Ct 1975, 26 L Ed 2d 419 (1970); *Carroll v. United States,* 267 US 132, 45 S Ct 280, 69 L Ed 543 (1925). Until recently, this warrant exception was generally applied anytime a vehicle was involved, *e.g., State v. Downes,* 31 Or App 419, 511 P2d 914 (1977), *reversed* 285 Or 369, 591 P2d 1352 (1979). However, since *Arkansas v. Sanders,* 442 US 753, 99 S Ct 2586, 61 L Ed 2d 235 (1979); *United States v. Chadwick,* 433 US 1, 97 S Ct 2476, 53 L Ed 2d 538 (1977); and *State v. Groda,* 285 Or 321, 591 P2d 1354 (1979), a more detailed analysis is required.

The officer's search of the interior and trunk of the vehicle was conducted after he had developed a well

---

[2] While this case was being litigated, the law on automobile searches was undergoing upheaval. At the suppression hearing, the trial judge relied on *State v. Downes,* 31 Or App 419, 571 P2d 914 (1977), which was subsequently reversed in *State v. Downes,* 285 Or 369, 591 P2d 1352 (1979). Subsequent to defendant's trial and conviction, the Oregon Supreme Court decided three other automobile search and seizures cases in an attempt to clarify the law in this area. *State v. Groda,* 285 Or 321, 591 P2d 1354 (1979); *State v. Greene,* 285 Or 337, 591 P2d 1362 (1979); *State v. Fondren,* 285 Or 361, 591 P2d 1374, *cert denied,* 48 USLW 3218 (1979). Also since that time, the United States Supreme Court decided *Arkansas v. Sanders,* 442 US 753, 99 S Ct 2586, 61 L Ed 2d 235 (1979), discussed herein.

[3] ORS 133.693(4) provides:

"Where the motion to suppress challenges evidence seized as the result of a warrantless search, the burden of proving by preponderance of the evidence the validity of the search is on the prosecution."

warranted suspicion, based upon his observations, that the vehicle contained contraband. Exigent circumstances coupled with probable cause to search legitimized the search of the vehicle and the trunk without a warrant. The constitutional problem arises from the warrantless search of the camera case which was in the trunk.

In *Sanders, supra,* state police officers were acting pursuant to an informant's tip that a suspect carrying a green suitcase containing marijuana would be on a flight to the local airport. The police put the area under surveillance. Subsequently, the suspect arrived carrying a green suitcase which matched the informant's description. A companion placed the suitcase in the trunk of a taxi, and the suspect and the companion departed in that taxi. The officers stopped the vehicle and requested the driver to open the trunk, which was done without defendant's consent, whereupon they opened the unlocked suitcase and found marijuana. The United States Supreme Court held that the search of the suitcase was unconstitutional because of the absence of any exigency. Clearly the officers had probable cause to seize the luggage. Once it had been removed from the vehicle and taken under the officer's control it was no longer mobile or subject to destruction. In finding that the underlying rationale of the "automobile exception" to the warrant requirement would not be furthered in applying it to the search of the immobilized suitcase, the court stated:

> "Once police have seized a suitcase * * * the extent of its mobility is in no way affected by the place from which it is taken." 61 L Ed 2d at 245.

Absent some "special" exigency,[4] the police were required to obtain a warrant prior to searching the suitcase.

---

[4] As the court in *Arkansas v. Sanders,* observed:

"There may be cases in which the special exigencies of the situation would justify the warrantless search of a suitcase. *Cf. Cady v.*

In *Groda, supra,* which was decided prior to *Sanders,* an officer seized defendant's automobile subsequent to his arrest for criminal activity in drugs. The officer proceeded to open the trunk of defendant's vehicle and searched a closed briefcase found inside. The Oregon Supreme Court held that even if "the officers had probable cause and there were exigent circumstances to justify the officers' seizing and searching *the car* pursuant to the principle of *Carroll v. United States,* 267 US 132, 45 S Ct 280, 69 L Ed 43, 39 ALR 790 (1925), and *Chambers v. Maroney,* 399 US 42, 90 S Ct 1975, 26 L Ed 2d 419 (1970) * * * the officers could not constitutionally search *the briefcase* without a warrant." 285 Or at 326-27. (Emphasis supplied.)

The "automobile exception" remains viable in those instances where spontaneous searches are conducted, with probable cause, of a vehicle which is or has the likelihood of becoming mobile. *Compare, State v. Fondren,* 285 Or 361, 591 P2d 1374, *cert denied,* 48 USLW 3218 (1979); *with State v. Greene, supra.*

Based upon *Sanders* and *Groda,* we hold that once the police encounter a closed container, such as a camera case, in the course of their search, to which no other warrant exception applies, they may seize it if

*Dombrowski,* 413 US 433, 37 L Ed 2d 706, 93 S Ct 2523 (1973)(police had reason to suspect automobile trunk contained a weapon). Generally, however, such exigencies will depend upon the probable contents of the luggage and the suspect's access to those contents—not upon whether the luggage is taken from an automobile. * * *." 61 L Ed 2d at 245, n 11.

and:

"Not all containers and packages found by police during the course of a search will deserve the full protection of the Fourth Amendment. Thus, some containers (for example, a kit of burglar tools or a gun case) by their very nature cannot support any reasonable expectation of privacy because their contents can be inferred from their outward appearance. Similarly, in some cases the contents of a package will be open to 'plain view,' thereby obviating the need for a warrant. *See Harris v. United States,* 390 US 234, 236, 19 L Ed 2d 1067, 88 S Ct 992 (1968) (per curiam.) * * *." 61 L Ed 2d at 245, n 13.

hey have probable cause to do so, but they may open and search it only after obtaining a warrant.[5]

Defendant's motion to suppress the evidence taken from the camera case should have been granted. There were no exigent circumstances present to justify the warrantless search.

Reversed and remanded for a new trial.

---

[5] We note that the instant case does not present the situation of *State v. Douglas,* 260 Or 60, 488 P2d 1366 (1971), *cert den,* 406 US 974 (1972), wherein defendant consented to a search of his suitcase after he was informed by the police that if he did not consent, they would apply for a search warrant.