Argued and submitted April 18, reversed and remanded May 19, reconsderation denied June 18, petition for review denied July 17, 1980 (289 Or 373)

# STATE OF OREGON,
*Appellant,*

*v.*

# DONALD DeCHAMPLAIN,
*Respondent.*

## (No. C 14480, CA    16345)

611 P2d 334

Thomas H. Denney, Assistant Attorney General, argued the cause for appellant. With him on the brief were James A. Redden, Attorney General, Walter L. Barrie, Solicitor General, Salem.

Larry W. Stuber, Albany, argued the cause for respondent. With him on the brief was Goode, Goode, Decker, Beckham & Nelson, P.C., Albany.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

ROBERTS, J.

**ROBERTS, J.**

The state appeals from the trial court's granting of defendant's motion to suppress evidence seized during a warrantless search of defendant's automobile.

The relevant facts are as follows: On the night of January 21, 1979, two deputy sheriffs were called upon to investigate a series of thefts and attempted thefts from automobiles in a Lebanon parking lot. Among the objects of the thefts and attempted thefts were tools, tape decks, tape recordings and citizen band radios and antennae. In the course of the investigation, the deputies encountered a witness who was able to describe the two men who had committed the crime as well as their automobile. The description included a license plate number and, with cooperation from California authorities, the officers were able, the following day, to trace ownership of the subject vehicle to defendant. They also learned from the California authorities that defendant was staying with his brother Ronald at the home of his cousin, Wayne Smith, in the Lebanon area.

This information, linking defendant with the vehicle and pinpointing his whereabouts, was received by Deputy Savage, one of the investigating officers, when he arrived at work at 4 p.m. on the day following the thefts.

Savage located the Smith residence through a phone number included with the information from California, and went to the residence with Deputy Sloan, who was the other investigating officer, and the eyewitness, arriving at about 6:50 p.m.

The deputies observed an automobile, matching the description given by the eyewitness, in the driveway. The eyewitness identified the vehicle as the one he had observed leaving the scene of the crime.

The officers were admitted to the house and given permission to search by Wayne Smith, who signed a

permission to search form, giving the deputies permission to search "the premises and property, including all buildings and vehicles * * *."

Defendant's brother Ronald arrived at the residence and signed a statement implicating defendant and another man in the thefts. He also gave permission for a search of the automobile. Neither the Smiths nor Ronald DeChamplain knew defendant's whereabouts at the time of the search.

Sloan searched the automobile, which was unlocked, and found two eight track tapes, at least one of which was identical to one reported stolen the night before. Defendant moved to suppress all evidence related to the tape seized during the automobile search. A hearing was held and the trial court granted the motion, finding that there was no valid third party consent for the search and that there were no exigent circumstances justifying a warrantless search.

In *State v. Greene,* 285 Or 337, 591 P2d 1362 (1979), the Supreme Court set forth the automobile search doctrine of *Carroll v. United States,* 267 US 132, 45 S Ct 280, 69 L Ed 543, 39 ALR 790 (1925), as follows:

"* * * a search of an automobile may be made without a warrant if (1) the officers have probable cause to believe that the vehicle contains contraband, stolen goods, evidence of crime, etc., and (2) that there are circumstances present which require that the vehicle be searched without obtaining a warrant." 285 Or at 340.

The facts in *Greene* were set forth as follows:

"The scenario in this case starts with three armed men breaking into a residence, assaulting the occupants and stealing money, jewelry and other property. A neighbor was able to describe the car in which the thieves drove away, including the license number, and to generally describe the three men. The police established that the car belonged to a Beverly Stanton. The morning after the crime at 10:15 a.m. an officer went to the address listed for Stanton and a car fitting the description given by the neighbor,

including the license number, was parked in the residential driveway. Police started gathering near Stanton's house shortly thereafter and they learned by inquiring of neighbors that several men matching the general descriptions of the men who committed the burglary lived in the Stanton house. Shortly after noon, the 14 officers then gathered broke into the house. Stanton and a friend were in the house, but the defendant and his alleged accomplices were not. The car was towed to the police station and searched. The police did not attempt to get a warrant for the search of the car or house. Several blood-stained items of clothing were found in the trunk. The blood type matched that of one of the victims who had been assaulted during the robbery."

The Supreme Court found probable cause and exigent circumstances, noting as to the latter that

"* * * The officers in this case had reason to believe that someone might come out of the house at any time and attempt either to drive the car away or remove something. The officers then would have the choice of either letting the evidence disappear or seizing the car despite the lack of a warrant. *Chambers [v. Maroney,* 399 US 42 (1970)] approved the latter procedure and equated it as no greater intrusion than a warrantless search." 285 Or at 344.

Defendant argues that the case before us is distinguishable in that the officers had no reason to expect removal of the car because the persons in the house were all cooperating with the officers and none of them had keys to the car. Defendant, however, was not present and the officers had every reason to expect that he might return and remove the car. Under *Greene* this amounts to sufficient exigent circumstances to justify the search.[1]

Because we decide this case on the basis of exigent circumstances, we do not reach the issue of the third-party consent to the automobile search.

Reversed and remanded.

---

[1] Defendant did not argue that the officers were without probable cause to search.