Argued and submitted September 15, 1980, affirmed March 16, reconsideration denied April 23, petition for review denied May 27, 1981 (291 Or 9)

# STATE OF OREGON,
### *Respondent,*
*v.*
# RICK EDWARD MILLER,
### *Appellant.*

## (No. 79-1808, CA 17247)

624 P2d 1102

Diane L. Alessi, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Robert C. Cannon, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James M. Brown, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

WARDEN, J.

## WARDEN, J.

Defendant appeals from the amended judgment on his conviction of possession of a controlled substance, peyote. ORS 475.992(4)(a).

■ The van in which defendant was a passenger was stopped by police officers after a high-speed chase. One of the officers involved had originally attempted to stop the van after seeing two men, one of whom was later identified as the defendant, leave a bar, in what the officer testified was an intoxicated condition, and enter the van before it was driven away. The officer followed the van at high speed with the van swerving from side to side on the road. The driver of the van did not respond to the officer's attempt to stop it, and the chase was joined by officers in two other police cars. During the chase the police learned that defendant was the registered owner of the van they were pursuing[1] and that there was an outstanding felony warrant for him.

After defendant's van was stopped, the occupants were ordered out of it by the police at gunpoint. One of the male passengers was observed to duck down and then peer over the dashboard several times. Defendant, another male, and two females finally emerged from the van. Prior to removing herself from the driver's seat of the van, one of the females indicated her desire to bring along her purse. She was ordered by the police to leave her purse in the van. Both women emerged without their purses. The female driver was arrested for driving under the influence of intoxicants and placed in a patrol car. The defendant was arrested on the felony warrant and placed in another patrol car.

The female passenger was asked to identify herself. She complied by stating her name. She also explained

---

[1] The state's evidence produced in the suppression hearing showed that the defendant was the owner of the van. The facts that defendant was both present in the van at the time of the search and was its owner are sufficient to establish that defendant had a reasonable expectation of privacy protected by the Fourth Amendment and, hence, the state's contention that the defendant lacks standing is without merit. *United States v. Salvucci,* ____ US ____, 100 S Ct 2547, 65 L Ed 2d 619, 628 (1980). *See Rakas v. Illinois,* 439 US 128, 143, 99 S Ct 421, 58 L Ed 2d 387 (1978). *Cf., State v. Emery,* 41 Or App 35, 597 P2d 375 (1979). (Defendant Emery denied any interest in the car or its contents.)

that identification was in her purse in the van. One of the officers then entered the van to retrieve the purse. Inside the van, near the purse, he saw an open bag containing peyote buttons. He took possession of the bag and its contents. While defendant was being taken to the police station and after being advised of his *Miranda* rights, he admitted that the bag was his and that it contained peyote.

The officer who entered the van testified that he had no reason to believe the female passenger had given him a false name except that she had given a "very common name" and that "wanted individuals" often give very common names to police.[2] The officer also testified that he did not suspect her of committing a crime and that none of the occupants would have been allowed to re-enter the van until the van had been searched for weapons.

Before the trial to the court on stipulated facts, defendant moved to suppress the bag of peyote and his statements concerning his ownership of the bag and its contents, claiming they were the fruit of an illegal entry into his van. After a hearing, the trial court denied the motion and determined that the police had lawfully entered the van without a warrant, either to procure the female passenger's identification or to search for weapons and alcohol.

" * * * [S]earches conducted without a warrant are *per se* unreasonable, subject to only a few exceptions." *State v. Greene,* 285 Or 337, 340, 591 P2d 1362 (1979). One exception, where the officers have probable cause to believe that the vehicle contains evidence of a crime and there are exigent circumstances present, is enunciated in the *Carroll/Chambers*[3] line of cases. Under the *Carroll/Chambers* rationale, a warrant would not be necessary if the police had probable cause to search the van for alcohol or weapons and if evidence that might be found would likely have disappeared if the police could not search before securing a warrant.

---

[2] The passenger stated her name was Barbara Anderson.

[3] *Carroll v. United States,* 267 US 132, 45 S Ct 280, 69 L Ed 543, 39 ALR 790 (1925); *Chambers v. Maroney,* 399 US 42, 90 S Ct 1975, 26 L Ed 2d 419 (1970).

■  " 'Probable cause' is a reasonable belief that the car contains evidence." *State v. Greene, supra,* 285 Or at 341. It is unlikely in the majority of cases involving traffic offenses that a vehicle will contain evidence of a crime. However, where the offense is driving under the influence of intoxicants, it may be reasonable, given additional circumstances, to expect to find alcohol in the vehicle. *See State v. Wright,* 48 Or App 731, 617 P2d 938 (1980). In this case the officers had reason to believe that two of the van's occupants were intoxicated; the van was driven erratically and at high speed in an apparent attempt to elude the police; it took the efforts of several officers in three cars to get the van stopped; after the van was stopped an occupant peered over the dash and ducked down several times; the four occupants emerged from the van slowly and only after being ordered to do so several times at gunpoint. The driver was not one of the two occupants known to have been in the tavern, yet was obviously intoxicated. Under these circumstances the officers had probable cause to search the van for alcohol.

Though defendant and the driver were arrested and removed, the passengers were still present at the scene of the vehicle stop and

" * * * [t]he distinct possibility was present that someone might try to * * * [remove the car or the evidence] * * * before a warrant could be obtained and that supplies the exigent circumstance." *State v. Greene, supra,* 285 Or at 345.

Although all occupants had been ordered out of the van, the passengers had not been arrested.

" 'The automobile exception' remains viable in those instances where spontaneous searches are conducted, with probable cause, of a vehicle which is or has the likelihood of becoming mobile." *State v. DeLong,* 43 Or App 183, 188, 602 P2d 665, *rev den* (1980).

*See State v. Robertson,* 42 Or App 471, 478, 600 P2d 935 (1979).

The foregoing explanation may be sufficient. However, the trial judge found justification for the entry of defendant's van on another ground as well. His order denying the motion to suppress evidence does not indicate on

which ground it is based. In the interest of clarity, we will discuss the ground that the officer had a right to enter the van to verify the identify of one of the passengers, and that, for this reason too, the seizure of the contraband in plain view was not unlawful.

■ ■    A police officer may make reasonable inquiry of a passenger's identity incidental to a traffic stop. *See State v. Zimmerlee,* 45 Or App 107, 112, 607 P2d 782 (1980). In doing so, police need not permit a passenger to re-enter the stopped vehicle to retrieve items of property in situations in which police have reason to be concerned for their own safety. As the officer who entered the van testified:

> "I think it would have been a very foolish and stupid maneuver to allow her to go in and extract a purse when I did not know what was in the interior of the purse and also what was in the bedding which was easily reached and if there had been a weapon inside used on me or the other officers."

Retrieval of the purse and its inspection prior to its return to the passenger required entrance into the van by an officer. In this case, we conclude that the officer acted reasonably in entering the van himself to retrieve the purse, instead of allowing the female passenger access to her purse, to assure the safety of himself and his fellow officers. The trial court did not err in failing to suppress the evidence which was seized in plain view after the officer lawfully entered the van to retrieve the passenger's purse and to search for alcohol.

Affirmed.