Argued and submitted October 2, affirmed December 14, 1981,
reconsideration denied January 28,
petition for review denied February 24, 1982 (292 Or 581)

## STATE OF OREGON,
*Respondent,*

*v.*

## GERALD NICHOL,
*Appellant.*

(No. 80-36C, CA A21085)

637 P2d 625

Sam A. McKeen, Klamath Falls, argued the cause and filed the brief for appellant.

Rudolph S. Westerband, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Defendant appeals his conviction for possession of a controlled substance. ORS 475.992(4). He assigns as error the denial of his motion to suppress evidence seized as a result of a warrantless search of his car.[1] We affirm.

Defendant was stopped by Trooper Collins for speeding. It is agreed that the stop was valid. As Collins approached the driver's window, he smelled marijuana smoke. The car contained defendant and one passenger, Laude. Collins requested and received defendant's identification. As Collins proceeded with his preliminary investigation, Trooper Robert Routt arrived to assist. At Collins' request, defendant got out of the car. Collins then asked defendant if there was marijuana in the car, and if so, where it was located. Initially, defendant said that he did not know. He then admitted that marijuana was somewhere in the car but claimed that he did not know where. Defendant also said, in response to questioning by Collins, that he did not know how much marijuana was in the car or whether his passenger, Laude, possessed any. Collins conducted a pat-down frisk of defendant's outer clothing. He did not find any contraband on defendant.

Collins then had Laude get out of the car. When questioned about the odor of marijuana, Laude responded that he had some marijuana on him and that he had just finished smoking a marijuana cigarette. During their conversation, Collins observed, in plain view, a plastic bag partially protruding from Laude's pocket. It appeared to contain marijuana.

Following a pat-down frisk of Laude for weapons, Collins searched the passenger compartment of the car. He found a scissor-type clamp that was stained brown and that smelled of burnt marijuana. In the back seat he found a satchel, which he took into his possession but did not open. After finding the satchel, he removed the ignition key and opened the trunk. There he found a closed brown paper bag, some suitcases and a metal tool box. The bag was light in weight. Collins detected the odor of marijuana coming from

---

[1] A second assignment of error, involving denial of defendant's motion to dismiss for lack of a speedy trial, does not require discussion.

it. Opening it, he found a white, opaque plastic bag inside. A stem was protruding from a hole in the plastic. Opening the plastic bag, the officer found a large quantity of marijuana. He then placed both defendant and his passenger under arrest.

Because he found the marijuana, the officer took the still-unopened satchel to the police station. Six hours later, it was opened pursuant to a warrant. In it were the amphetamines defendant was convicted of possessing in this case.

■ Defendant admits the stop was valid. The issues defendant presents are whether the warrantless search of the trunk was valid, whether the search of the paper bag found in the trunk was valid, and whether the warrantless seizure of the satchel was proper. A warrantless automobile search is appropriate where the search is supported by both probable cause and exigent circumstances. *State v. DeLong,* 43 Or App 183, 602 P2d 665 (1979). We turn first to the issue of probable cause.

■ Collins had probable cause to justify searching the trunk. Defendant had admitted that there was some marijuana in the car. He added, however, that he did not know the amount or where it was located. Those statements provided probable cause for Collins to believe that marijuana might be found *anywhere* in the vehicle. Collins' discovery of marijuana in Laude's possession did not remove probable cause to justify a search of the rest of the car. Defendant's statements that he knew the car contained marijuana and that he did not know whether Laude possessed any gave rise to a reasonable inference that defendant was referring to marijuana other than that found on Laude.[2]

Exigent circumstances justified proceeding without a warrant. At the time he opened the trunk, the officer had found no contraband on defendant and less than one ounce of marijuana on the passenger. Possession of that amount of marijuana is a violation of ORS 475.992(4)(F), punishable

---

[2] We do not decide here whether discovery of less than one ounce of marijuana in the passenger section of the car, without admissions of the type made by the defendant in this case, provide probable cause to search the trunk of a vehicle.

by a $100 fine but not by imprisonment. The officer's practice was to issue a citation for a violation, rather than take a person into custody. *See* ORS 133.045. The officer's options were either to search the entire car or to risk the possibility that one or both of the occupants might drive it away while he sought a search warrant. Defendant would be able to drive away as soon as the citation process was completed. This is a classic case of exigent circumstances, justifying a warrantless search of the automobile. *Chambers v. Maroney,* 399 US 42, 52, 90 S Ct 1975, 26 L Ed 2d 419 (1970); *State v. Greene,* 285 Or 337, 340, 591 P2d 1362 (1979); *State v. DeChamplain,* 46 Or App 229, 233, 611 P2d 334 (1980); *State v. DeLong, supra.*

■    Defendant next challenges the seizure and opening of the paper bag containing the marijuana. The seizure was justified by the odor of marijuana. Such a seizure and subsequent search is analogous to those permitted by the "plain view" doctrine. *See United States v. Johnston,* 497 F2d 397 (9th Cir 1974). Defendant relies on *Robbins v. California,* 453 US 420, 101 S Ct 2841, 69 L Ed 2d 744 (1981). In *Robbins,* the Supreme Court, while unable to agree on a single rationale, held that the warrantless seizure of a closed, opaque container whose contraband contents are not in some way readily apparent is unconstitutional. 453 US at 427. *See also, United States v. Chadwick,* 433 US 1, 97 S Ct 2476, 53 L Ed 2d 538 (1979); *Arkansas v. Sanders,* 442 US 753, 99 S Ct 2586, 61 L Ed 2d 235 (1980).

The court went on to say, however,

"* * * [I]f the distinctive configuration of a container proclaims its contents, the contents cannot fairly be said to have been removed from a searching officer's view. *The same would be true, of course, if the container were transparent, or otherwise clearly revealed its contents* * * *." *Robbins v. California, supra,* 453 US at 427. (Emphasis supplied.)

As the foregoing quotation shows, *Robbins* does not help defendant. Here, unlike in *Robbins,* the odor from the paper bag revealed its contents as fully as if it had been made of clear, not opaque, material. The seizure and opening of the bag was proper.

■     Finally, defendant argues that the seizure and search of the satchel was unconstitutional. We hold otherwise. The discovery of contraband elsewhere furnished probable cause to support the seizure of the satchel and furnished the basis for later obtaining the search warrant. However, because its contents were not readily apparent, the police postponed searching it until they had obtained a search warrant. This was precisely what the Constitution permits and requires. *United States v. Chadwick, supra; Arkansas v. Sanders, supra; Robbins v. California, supra.*

Affirmed.