Argued and submitted June 17, reversed and remanded July 6, reconsideration allowed, former opinion (65 Or App 341, 671 P2d 701) withdrawn, order suppressing evidence affirmed, remanded for trial November 9, 1983

# STATE OF OREGON,
*Appellant,*

*v.*

# BARBARA ELIZABETH MOLATORE,
*Respondent.*

(82-200 C; CA A26444)

665 P2d 1263

Virginia L. Linder, Assistant Attorney General, Salem, argued the cause for appellant. With her on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

David E. Groom, Deputy Public Defender, Salem, argued the cause for respondent. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

This is a criminal case in which the defendant was charged with unlawful possession of a controlled substance. The substance—methamphetamine—was discovered when defendant, who was seriously intoxicated, was escorted by Klamath Falls police officers to the Klamath Falls police station for detoxification. On arrival at the station and before being placed in a detoxification room, defendant was routinely directed to place the contents of her pockets on a counter. Among the items she placed there was a cellophane packet containing a white powdery substance. The officers—who were trained to recognize controlled substances—seized the packet and had its contents analyzed. The present case resulted.

Defendant moved to suppress the evidence seized. The trial court, after holding that seizure of the powdery substance and a syringe was a proper measure to protect defendant and maintain security in the building, nonetheless concluded:

> "* * * The white powdery substance caused the officers to suspect that it was a controlled substance, but it was not one which in plain view could be identified as contraband without the necessity of laboratory analysis. * * * [T]he identification of the white powdery substance here was not reasonably related to administrating the benevolent purposes of ORS 426.460 in the spirit which brought about decriminalization of public intoxication."

The trial court thus held, in effect, that officers who are where they are entitled to be, see material they reasonably suspect to be contraband and seize it are nonetheless forbidden to test the substance to be certain of its nature unless they obtain a search warrant. The court was in error.

The inventory process involved here was valid. *See State v. Lawrence,* 58 Or App 423, 648 P2d 1332, *rev den* (1982). Once the suspicious nature of the packet was observed, its seizure was valid, and there was no further privacy interest of the defendant to be invaded by subjecting the powder to analysis. *State v. Glade,* 61 Or App 723, 659 P2d 406 (1983); *see also State v. Nichol,* 55 Or App 162, 166, 637 P2d 625 (1981), *rev den* (1982), *cert denied* 459 US 824, 103 S Ct 56, 74 L Ed 2d 60 (1982).

Reversed and remanded for trial.