On respondent's reconsideration filed August 4, reconsideration allowed; former opinion filed June 17 (65 Or App 341, 671 P2d 701) withdrawn; order suppressing evidence affirmed; remanded for trial November 9, 1983

## STATE OF OREGON,
*Appellant,*

*v.*

## BARBARA ELIZABETH MOLATORE,
*Respondent.*

(82-200 C; CA A26444)

671 P2d 701

Gary D. Babcock, Public Defender, and David E. Groom, Deputy Public Defender, Salem, for petition.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

This criminal case is before us on defendant's petition for review by the Supreme Court of our former opinion, *State v. Molatore,* 63 Or App 766, 665 P2d 1263 (1983). We treat the petition as one for reconsideration. ORAP Rule 10.10. We grant the petition, withdraw our former opinion, affirm the trial court's order suppressing evidence and remand for trial.

The facts are fully set forth in our former opinion. Essentially, they are that defendant was taken into custody for detoxification and, while being checked into jail, was found to have in her possession a cellophane packet containing a white powdery substance. The police seized the packet and analyzed the substance, which proved to be amphetamine.

The trial court suppressed the evidence concerning the nature of the packet's contents on the ground that identifying the powder "was not reasonably related to administrating [sic] the benevolent purpose of the [detoxification statute]." We reversed, holding that the seizure of the packet was proper and that, once it was seized, "* * * there was no further privacy interest of the defendant to be invaded by subjecting the powder to analysis." 63 Or App at 768.

We adhere to our previous analysis in this case as being the most sensible view. It is not, however, the law. Under *State v. Lowry,* 295 Or 337, 667 P2d 996 (1983), decided 20 days after our decision in this case, the police were required to obtain a warrant authorizing them to open the packet and analyze its contents. Accordingly, our former opinion is withdrawn.

The order of the trial court is affirmed; the case is remanded for trial.