Argued and submitted October 22,
affirmed December 31, 1979

# STATE OF OREGON,
*Respondent,*

*v.*

# RAYMOND STEPHEN HLADY,
*Appellant.*

## (No. 79-165-C-2, CA 14189)

607 P2d 733

Gregory A. Parker, Ashland, argued the cause and filed the brief for appellant.

W. Benny Won, Assistant Attorney General, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Joseph, Presiding Judge, and Lee and Richardson, Judges.

LEE, J.

**LEE, J.**

Defendant appeals his conviction of fraudulent use of a credit card. After an adverse ruling on defendant's motion to suppress, the case was tried to the court on stipulated facts. Defendant assigns as error the admission of evidence obtained from a warrantless search of his wallet and the denial of a motion to suppress statements he made to the arresting officers prior to recitation of *Miranda* warnings.

Two police officers responded to a burglary alarm at a camera shop. Upon arrival, the officers were informed that they were summoned because the defendant was attempting to purchase camera equipment with a credit card reported as stolen. At the time the officers arrived, defendant was standing near the cashier's counter. One of the officers asked defendant to step into the back room of the camera store. There, defendant was questioned for approximately ten minutes. Defendant identified himself as "Wade Robertson", the person whose name appeared on the credit card and other items of identification[1] presented to the cashier. When the officers asked defendant why the credit card was reported stolen, he replied, "Well, I don't know who reported it stolen, because I didn't." The officers asked defendant his date of birth, age and social security number. Defendant's answers did not correspond with the information appearing on the items of identification. Convinced that defendant was not Wade Robertson, the officers ordered defendant to turn around and searched him, removing a wallet from his back pocket.[2] The officers showed the wallet to defendant and asked, "Whose identification am I going to find in here?" Defendant responded, "Mine." The officers searched the wallet and found an identification card for "Raymond Stephen Hlady" which had

---

[1] The items of identification included a VISA card, a driver's license, and a birth certificate.

[2] The officers testified that the search was pursuant to a standard police protective procedure. The officers also removed a large case knife from defendant's belt.

defendant's picture on it. When shown the identification card, defendant told the officers he would quit lying and would tell the truth, admitting that he was Raymond Stephen Hlady. The officers informed him that he was under arrest and advised him of his *Miranda* rights. Defendant then admitted that he had purchased the credit card at a party.

Defendant contends that the search of his person and subsequent search and seizure of his wallet were beyond the permissible scope of the "stop and frisk" statutes, ORS 131.605(2) and 131.625(1). Defendant, however, misconstrues the nature of the police actions. We conclude that at the time defendant was searched, he was under arrest.[3] *State v. Groda*, 285 Or 321, 325, 591 P2d 1354 (1979); ORS 133.005(1). Therefore, the warrantless search of defendant was incident to his lawful custodial arrest. An officer may constitutionally search, without a warrant, a person lawfully arrested. *Michigan v. DeFillippo*, 443 US 31; 61 L Ed 2d 343, 348, 99 S Ct 2627 (1979); *United States v. Robinson*, 414 US 218, 94 S Ct 467, 38 L Ed 2d 427 (1973).

As to the scope of the search, items that may be properly seized in a search incident to arrest include weapons, contraband, instrumentalities and evidence of the crime. *State v. Florance*, 270 Or 169, 185-86, 527 P2d 1202 (1974). In *State v. Florance, supra,* the Supreme Court held that a police officer's search of defendant's wallet incident to his arrest was reasonable when made for the purpose of determining defendant's true identity through a driver's license, a credit card, or other evidence of identification. Similarly, the search and seizure in the present case was lawful. *State v. Florance, supra; see State v. Addicks*, 30 Or App 249, 566 P2d 1212 (1978). As the United States Supreme Court stated in *Scott v. United States*, 436 US 128, 98 S Ct 1717, 56 L Ed 2d 168, 178 (1978):

---

[3] The officers clearly had probable cause to arrest defendant for the crime of fraudulent use of a credit card under ORS 165.055.

"* * * [T]he fact that the officer does not have the state of mind which is hypothecated by the reasons which provide the legal justification for the officer's action does not invalidate the action taken as long as the circumstances, viewed objectively, justify that action. In *United States v. Robinson*, 414 US 218, 38 L Ed 2d 427, 94 S Ct 467, 66 Ohio Ops 2d 202 (1973), a suspect was searched incident to a lawful arrest. He challenged the search on the ground that the motivation for the search did not coincide with the legal justification for the search-incident-to-arrest exception. We rejected this argument: 'Since it is the fact of custodial arrest which gives rise to the authority to search, it is of no moment that [the officer] did not indicate any subjective fear of the respondent or that he did not himself suspect that respondent was armed.' Id., at 236, 38 L Ed 2d 427, 94 S Ct 467, 66 Ohio Ops 2d 202. The Courts of Appeals which have considered the matter have likewise generally followed these principles, first examining the challenged searches under a standard of objective reasonableness without regard to the underlying intent or motivation of the officers involved."

Defendant contends, however, that even assuming the seizure of his wallet was valid, the subsequent warrantless search of the wallet was unlawful under *State v. Groda*, 285 Or 321, 591 P2d 1354 (1979) and *Arkansas v. Sanders*, 442 US 753, 99 S Ct 2586, 61 L Ed 2d 235 (1979). *Groda* and *Sanders* hold that once police encounter a closed container in the course of their search, absent some other warrant exception, they may seize it if they have probable cause to do so, but they may search it only after obtaining a warrant. These cases, however, are inapposite to the present case, because they did not involve a search of a closed container found on defendant's *person* pursuant to his lawful custodial arrest. Moreover, the United States Supreme Court expressly stated in *Arkansas v. Sanders*, 61 Ed at 245 n. 11., that the issue of a search incident to arrest was not before them.

Therefore, the search and seizure of defendant's wallet was a valid search incident to his lawful arrest.

Defendant further maintains that his statements made prior to administration of *Miranda* warnings were inadmissible. The state concedes that defendant was in custody at the time he made the statements to the officers. Defendant's statements were responses to police questions as to name, birthdate, age, and social security number. The information solicited was "routine identifying information" which did not constitute interrogation, and as such, is not within the holding of *Miranda v. Arizona*, 384 US 436, 16 L Ed 2d 694, 86 S Ct 1602 (1966). *State v. Rodriguez*, 37 Or App 355, 359, 587 P2d 487 (1978), *rev den* (1979); *State v. Cobb*, 22 Or App 510, 539 P2d 1140, *rev den* (1975); *see also Scriberras v. United States*, 380 F2d 732 (1967).

Affirmed.