Argued and submitted May 30, reversed and remanded for trial July 21, reconsideration denied November 6, petition for review denied December 23, 1980 (290 Or 271)

# STATE OF OREGON,
*Appellant,*

*v.*

# SCOTT CARL PATTON,
*Respondent.*

## (No. 12017, CA 16446)

613 P2d 1102

Gary S. Thompson, District Attorney, Prineville, argued the cause and filed the brief for appellant.

David E. Groom, Deputy Public Defender, Salem, argued the cause for respondent. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Before Schwab, Chief Judge, and Thornton and Richardson, Judges.

THORNTON, J.

**THORNTON, J.**

The state appeals from an order of the circuit court allowing defendant's motion to suppress LSD pills found in defendant's jacket at the time he was booked into the Prineville city jail. Defendant was arrested for driving under the influence of intoxicants and was taken into custody. Defendant conceded at the hearing on his motion to suppress that there was probable cause to make the arrest. Following his arrest, defendant was placed in a detention cell pending the booking process. When asked to turn his personal belongings over to the booking officer for inventorying, defendant handed the officer his jacket, which contained a metal canister about the size of a silver dollar. The officer opened the canister and discovered that it contained three pills which the officer identified as LSD.

Defendant moved to suppress. The trial court stated the legal issue as follows:

" * * * whether [the officer] had a right to inventory the contents of the canister absent probable cause or exigent circumstances that the canister contained contraband."

The state argued that the search was valid as a search incident to full custodial arrest under the rule of *United States v. Robinson,* 414 US 218, 94 S Ct 467, 38 L Ed 2d 427 (1973), and adopted in Oregon in *State v Florance,* 270 Or 169, 527 P2d 1202 (1974). Defendant contended that the applicable line of cases was that relating to the search of closed containers seized from automobiles. *State v. Downes,* 285 Or 369, 591 P2d 1352 (1979); *State v. Groda,* 285 Or 321, 591 P2d 1354 (1979). The trial court held that *Downes* and *State v. Keller,* 265 Or 622, 510 P2d 568 (1973), controlled and granted the motion to suppress. We reverse.

*Robinson* involved the seizure and subsequent search of a crumpled cigarette package which turned out to contain contraband. After noting that the case

related to full custody arrest searches of the *person* and not to searches of areas within his control, the court stated:

"The authority to search the person incident to a lawful custodial arrest, while based upon the need to disarm and to discover evidence, does not depend on what a court may later decide was the probability in a particular arrest situation that weapons or evidence would in fact be found upon the person of the suspect. A custodial arrest of a suspect based on probable cause is a reasonable intrusion under the Fourth Amendment; that intrusion being lawful, a search incident to the arrest requires no additional justification." 414 US at 235.

In *State v. Florance, supra,* 270 Or 169 (drugs seized from defendant's wallet in course of looking for identification following custodial arrest on charge of menacing with a pitchfork), our Supreme Court sustained searches of arrestees for any purpose, including for evidence of other crimes, although under prior law the scope of a search was restricted by the likelihood that a particular suspect was armed or possessed evidence of the crime for which he was arrested. 270 Or at 184. In adopting the *Robinson* rule, the court noted a need for simplifying the law as it relates to searches in custodial arrest situations. 270 Or at 183. The court stated that the rule might be subject to future limitations with respect to the permissible scope of searches (e.g., body cavity searches, pretext arrests). 270 Or at 187. *See State v. Williams,* 17 Or App 513, 518-19, 522 P2d 1213 (1974) (Schwab, C. J., specially concurring). The court also expressly refused to consider the application of *Robinson* to arrestees at the booking stage. 270 Or at 192.

Defendant contends that *Robinson* is inapplicable here because neither of the rationales which prompted the formulation of a per se rule in that case (i.e., protection of officers and preservation of evidence) are even arguably present here.

[172]

In *United States v. Edwards,* 415 US 800, 94 S Ct 1234, 39 L Ed 2d 771 (1974), decided after *Robinson* and before *Florance,* the court extended *Robinson* to cover a situation in which a defendant, arrested for burglary, was placed in detention after booking where he remained overnight. The next morning, without a warrant, police seized his clothes, which they had probable cause to believe had paint flecks on them linking the accused with the burglary with which he was charged. They had not taken the clothes from him earlier because they had no substitute clothing available at that time. The court held the search reasonable since the police could have taken the clothes from him upon his arrival at the station. *Edwards* does not entirely dispose of defendant's contention because of its peculiar facts and because there was arguably an exigent circumstance in the fact that defendant might have been able to destroy evidence of the paint on his clothing. Here, the container was clearly beyond defendant's control and he was behind bars. We believe, however, that the *Robinson* rule turns not so much on the presence or absence of the exigencies of police protection and evidence preservation as it does on the fact that a person, under full custody arrest based on probable cause, loses his expectation of privacy as to those items on his person at the time of arrest. We conclude the search here was reasonable in light of the limitations contemplated in *Florance. State v. Williams, supra,* 17 Or App at 518. It is immaterial that the search was conducted in the course of inventorying defendant's belongings since it can be justified as a search incident to custodial arrest. *State v. Hlady,* 43 Or App 921, 607 P2d 733 (1979).

Reversed and remanded for trial.