Argued and submitted July 28, reversed and remanded
for trial November 10, 1980, reconsideration denied January 22,
petition for review allowed February 18, 1981 (290 Or 491)
See later issue Oregon Reports

## STATE OF OREGON,
*Appellant,*

*v.*

## GENE A. BROWN,
*Respondent.*

(No. 18-886, CA 16893)

618 P2d 1318

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were James M. Brown, Attorney General, and Walter L. Barrrie, Solicitor General, Salem.

James A. Doherty, County Public Defender, Tillamook, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

PER CURIAM.

BUTTLER, J., dissenting opinion.

**PER CURIAM.**

The state appeals a pretrial order suppressing cocaine seized from defendant during the booking process following his arrest for driving under the influence of intoxicants. The cocaine was in a metal cigarette box which had been sealed with tape.

The facts leading to the discovery of the cocaine are not materially different from those that we held supported a lawful search and seizure in *State v. Patton,* 47 Or App 169, 613 P2d 1102 (1980). Accordingly we hold the search and seizure was constitutionally permissible. It was error to allow the motion to suppress.

Reversed and remanded for trial.

**BUTTLER, J.,** dissenting.

Although I agree with the majority that *State v. Patton,* 47 Or App 169, 613 P2d 1102 (1980), if it represents the law in these circumstances, controls, I disagree with *Patton* and dissent from the denial today of the petition for reconsideration in *Patton.*

Reduced to its simplest terms, the issue in each case is whether closed containers seized from a person who is in the process of being booked into jail after being arrested, may be opened and searched without a warrant. Defendant does not contend that the police did not have the right to take possession of the items in his possession at the time of booking, and the state does not contend that the police had probable cause to seize all items on the defendant's possession. The question is whether the full scale warrantless search which followed the taking of possession of the closed containers was reasonable where no exigent circumstances are shown or claimed to exist.

Here, defendant had been arrested for driving while under the influence of intoxicants and taken to the Tillamook County jail to be lodged for that offense and to be given a breath test. During the booking process, defendant asked to go to the bathroom, and was told by the jailer to empty his pockets onto a counter. The jailer testified that it was standard procedure to inventory all items taken from arrestees in the course of the booking process, and also to require persons who ask to use the toilet to empty their pockets before they go to the bathroom. Among the items in defendant's possession was a metallic cigarette box which was taped shut with a piece of black tape; the jailer opened it and passed it to the arresting officer, who found, among other things, a marijuana cigarette and several pieces of folded paper which contained white powder, later determined to be cocaine. It was this evidence which the trial court suppressed.

The state argues that the "closed container" rule applied by the United States Supreme Court in *United States v. Chadwick,* 433 US 1, 97 S Ct 2476, 53 L Ed 2d 538 (1977), applies only to the warrantless search of automobiles. That position seems to me to be an odd one because

it was the involvement of the automobile which originally gave rise to the claim that exigent circumstances existed justifying the warrantless search. In *Chadwick* the Court held that once the footlocker in question had been seized from an automobile and was in the exclusive possession of the police, the exigent circumstances which had been attributed to the mobility of an automobile no longer existed and that a warrant was required in order to search the footlocker. The *Chadwick* rule was applied by the Oregon Supreme Court in *State v. Groda,* 285 Or 321, 591 P2d 1354 (1979); *State v. Fondren,* 285 Or 361, 591 P2d 1374, *cert den* (1979); *State v. Downes,* 285 Or 369, 591 P2d 1352 (1979). In each of those cases, this court's decision to the contrary was reversed. The *Chadwick* rule was also followed by the United States Supreme Court in *Arkansas v. Sanders,* 442 US 753, 99 S Ct 2586, 61 L Ed 2d 235 (1979), which was pending at the time the Oregon Supreme Court decided *Groda, Fondren* and *Downes.*

The rationale of all those cases is that once a closed container has been seized and is in the exclusive possession of the police, whatever exigent circumstances might have existed prior to the seizure dissipated, and the closed container could not be opened and searched without a warrant, even though the police had probable cause to search. It seems to me that the same rationale applies to both *Brown* and *Patton.*

There is another line of cases predating *Chadwick* on which the state relies for the proposition that a search of the person incident to his arrest is permissible, and extends to anything on his person or within his immediate control. *Weeks v. United States,* 232 US 383, 34 S Ct 341, 58 L Ed 652, LRA 1915B 834, AC' 15C 1177 (1914); *United States v. Robinson,* 414 US 218, 235, 94 S Ct 467, 38 L Ed 2d 427, 441 (1973); *Gustafson v. Florida,* 414 US 260, 94 S Ct 488, 38 L Ed 2d 456 (1973). Assuming that the search here was incident to the defendant's arrest, which is questionable, those pre *Chadwick* cases would authorize the search. However, unless *Chadwick* and *Sanders* modified the rule so as to require a two-step process—a seizure without probable cause, but no warrantless search without probable cause and exigent circumstances, the two lines of cases are like ships passing in the night.

The justification for the search incident to arrest has been that courts should not second guess and *ad hoc* judgment of an arresting officer for the need to disarm the arrestee or to prevent the destruction of evidence. The Oregon Supreme Court followed *Robinson* in *State v. Florance,* 270 Or 169, 527 P2d 1202 (1974). In doing so, however, the court stated:

> "In adopting the rule of Robinson, however, we wish to make it clear that we do not foreclose the future recognition of possible exceptions or qualifications to this general rule. 270 Or at 186.
>
> "* * * * *
>
> "[W]e do not undertake to decide the nature, scope and intensity of the search that may reasonably be made of an arrested person at the time of the booking of such person for jail, including the extent to which an inventory may be made of the contents of his billfold or wallet or of other articles in his possession." 270 Or at 192.

In later Oregon cases following *Chadwick — Groda, Fondren* and *Downes —* have, it seems to me, whittled down the right of the police to make a full scale search of a closed container after it has been seized and is no longer under the control of the arrestee. As Justice Linde said in his concurring opinion in *State v. Greene,* 285 Or 337, 360, 591 P2d 1362 (1979):

> "Accordingly, if officers have secured possession of an automobile, a suitcase or some other container by a valid seizure, it does not follow that they may also proceed without a warrant to open and search the container or the trunk of the automobile without exigent reasons for the warrantless search." 285 Or at 360.

Both the United States and Oregon Supreme Courts have now recognized that the Fourth Amendment to the United States Constitution deals with two instrusions—seizure and search—and that the right to seize does not necessarily include the right to search. There are two steps, and the officers here had the right to seize the containers, but did not have the right to search them without a warrant.

The United States Supreme Court in *Sanders* concluded with the statement:

"* * * Where—as in the present case—the police, without endangering themselves or risking loss of the evidence, lawfully have detained one suspected of criminal activity and secured his suitcase, they should delay the search thereof until after judicial approval has been obtained. In this way, constitutional rights of suspects to prior judicial review of searches will be fully protected." 442 US at 766.

I would, therefore, affirm the trial court's suppression of the evidence in both cases.