Argued September 21, affirmed October 19, petition for rehearing
denied November 23, 1971, petition for review
denied January 11, 1972

## STATE OF OREGON, *Respondent, v.* HARRY MORGAN COOPER, JR., *Appellant.*

489 P2d 969

*J. Marvin Kuhn,* Deputy Public Defender, Salem,

argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Thomas H. Denney*, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

THORNTON, J.

Defendant was convicted after trial by the Circuit Court of Lane County without a jury of unlawful possession of marihuana. ORS 474.020.

The sole assignment of error is that the trial judge should have sustained defendant's motion to suppress the marihuana seized from defendant's person at the time he was apprehended by a police officer but before his formal arrest.

The question presented for decision is: Did the officer have probable cause for seizing the marihuana?

About 10:45 at night, a private citizen, Clyde Raven, observed an automobile being operated along a Eugene street with its lights out. The vehicle came to a halt facing the curb and blocking one lane of the street. Raven approached the vehicle and found defendant to be its sole occupant. He asked defendant if he knew his lights weren't working. Defendant turned the lights on, and then turned them off again. Raven then asked defendant if he were sick. Defendant mumbled a few words and then stopped. Raven then asked him to move his car. Raven then left the scene to find a police officer he knew. He found the officer,

who, in turn, called another officer who proceeded to defendant's car, with Raven following.

The officer arrived at defendant's car about 11:30 p.m. The headlights of the officer's patrol car were shining on the defendant and the car. The defendant was sitting on the passenger side of the car, with his head tipped back and his arms in the air. He resumed a normal position momentarily and then reared back again in the same fashion. The officer rapped on the window and asked defendant to roll it down. Instead the defendant slid across the seat and was laughing in a semi-hysterical, high-pitched tone. The officer opened the door. Defendant was sitting in a normal position at this time and the officer asked him for identification. Defendant reached into his rear pocket to get his identification, and as he did so the officer observed a rolled up plastic bag sticking about two inches out of defendant's front pocket. All the officer could observe at this time of the contents of the bag was a greenish-brown colored substance through the clear plastic. Defendant gave the officer his identification. The officer then asked defendant to step out of the car. When he did, the officer again saw the bag containing the greenish-brown substance, removed it from defendant's pocket, opened it, looked inside, and after rerolling the bag placed it in his own pocket. The officer testified that he had opened the door of the car as he felt something was wrong because of defendant's abnormal behavior. He also testified as follows: That his first thought when he saw the bag was that it contained marihuana; that he had observed marihuana "many times" and had five personal dealings with it prior to defendant's arrest; that in his experience he had always seen marihuana in a plastic bag.

Defendant testified that when he got out of the car the officer removed the bag from defendant's pocket and asked him what it was, to which he replied that it looked like marihuana and that he did not know where he had gotten the package.

Defendant contends that the officer did not have probable cause to seize the marihuana and arrest him because he had "no information from which he could reasonably assume the bag contained contraband," citing *State v. Elkins,* 245 Or 279, 422 P2d 250 (1960). *Henry v. United States,* 361 US 98, 80 S Ct 168, 4 L Ed 2d 134 (1959); *State v. Cloman,* 254 Or 1, 456 P2d 67 (1969).

We think there was probable cause for the seizure.

Defendant's strange and erratic behavior in the officer's presence clearly indicated to any reasonable person that defendant was in need of attention because of his physical or mental condition. Thereafter, when the officer, who had previously dealt with marihuana in his police work, observed a plastic 'baggie' containing a greenish-brown substance protruding from defendant's pocket, he had probable cause for believing that that material was marihuana, seizing it and thereafter arresting defendant.

This meets the test laid down in *Henry* and *Cloman,* namely: That the facts and circumstances known to the officer at the time were such as would warrant a prudent man believing that an offense was being committed in the officer's presence.

*Elkins* is clearly distinguishable since there the officer had no reasonable basis for believing the seized pills being carried by defendant contained a narcotic.

The trial judge did not err in overruling defendant's motion to suppress the evidence.

Affirmed.