Argued June 1, affirmed June 15, petition for rehearing denied
July 25, petition for review denied October 5, 1972

STATE OF OREGON, *Respondent, v.*
HENRY CORTEZ (No. 71-128-C),
*Appellant.*
497 P2d 1228

*J. Marvin Kuhn,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Robert M. Burrows,* District Attorney, Grants Pass, argued the cause for respondent. With him on the brief was Robert F. Webber, Deputy District Attorney, Grants Pass.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

LANGTRY, J.

Defendant was convicted and sentenced for possession of dangerous drug. (ORS 475.100.) The material assignment of error is that defendant's motion to suppress evidence should have been sustained.

A deputy sheriff observed an automobile at about 1:25 a.m. on March 8, 1971, driving on the wrong side of the road, make a turn onto another road, and continue on the wrong side. When he attempted to stop the vehicle, the driver of the vehicle attempted to pull into a private driveway, missed and attempted again to get into the driveway. The woman who was driving got out, and the officer observed that she seemed to be under influence of some intoxicant. She did not have a driver's license, and while he was interrogating her and giving a field test for sobriety a back-up officer arrrived on the scene. The arresting officer noticed that one of the three occupants of the rear seat of the suspect vehicle made a hand movement toward the floor. Consequently, he flashed his light at the floor and there saw two amphetamine pills, a hunting knife and a pillowcase closed tightly which showed the outline of discs the size of the amphetamine pills that could be seen on the floor. The objects on the floor were between the defendant Cortez and a Mr. Crow. The officers had all the occupants get out,

and after observing that they all appeared to be under some kind of influence, arrested them for possession of dangerous drugs.

A later examination of the pillowcase disclosed that it contained 23,250 amphetamine tablets and 1,560 seconal tablets. The arresting officer testified that he identified the two pills lying loose on the floor as amphetamines when he first saw them; that during his 12 years as an officer in California and as a deputy sheriff in Josephine County he had had several hundred contacts with illegal drugs. He testified he had seen scoring on the surface of other pills but the particular scoring on these pills is a characteristic only of amphetamines, and is the reason they are called cartwheels.

When defendant was booked into the police station, two amphetamine pills were found in his right front pant pocket, and it was for their possession that he was indicted. Defendant contends that there was no probable cause for his arrest, and for the subsequent search which revealed his possession of the dangerous drug.

There was no evidence to controvert and the trial court obviously believed in the officer's positive identification of the two pills he saw on the floor of the car. The pillowcase full of what appeared to be pills together with these two loose ones was sufficient to reasonably raise an inference of probable cause that each of the occupants of the car possessed illegal drugs. This inference was strengthened because all the occupants of the car were in a condition which appeared to be drug influenced. The arresting officer testified that the influence he noted was distinguishable from that coming from the use of liquor because the defend-

ant was slow and lethargic in his motions and his eyes did not respond to light.

The instant case is distinguishable from *State v. Elkins,* 245 Or 279, 422 P2d 250 (1966), in that the pill which was taken from the defendant there after he was arrested for drunken driving was something the officer did not recognize. In the case at bar the officer positively identified the pills which led to defendant's arrest and the pills which were taken from his pocket as amphetamines.

The fact that the illegal drugs were situated between defendant and Mr. Crow on the floor of the car made a reasonable case for probable belief that they were jointly possessed by at least the two men. *State v. Davis/Travis,* 9 Or App 412, 421, 496 P2d 923 (1972). In the officer's cross-examination in the case at bar he testified:

"Q   Is there anything in the position of the pillowcase that would have placed it in association with Mr. Cortez as distinguished from Mr. Crow, or Mr. Crow as distinguished from Mr. Cortez?

"A   No. Joint possession.

"Q   There was nothing in the circumstances that led you to believe that the pillowcase belonged to Mr. Crow or to Mr. Cortez rather than the other?

"A   No, there wasn't."

Affirmed.