Submitted on record and appellant's brief November 20,
reversed and remanded December 9, 1974

STATE OF OREGON, *Appellant, v.* THOMAS
JERRY DILLS (No. 73-5368), *Respondent.*

528 P2d 1354

Lee Johnson, Attorney General, and W. Michael
Gillette, Solicitor General, Salem, for appellant.

No appearance by respondent.

Before Schwab, Chief Judge, and Fort and Tanzer,
Judges.

TANZER, J.

The state appeals from an order suppressing as evidence some amphetamines found during a search of the defendant. The trial court found that the seizure was violative of the rule of *State v. Elkins,* 245 Or 279, 422 P2d 250 (1966), in that the officer did not have probable cause to believe the seized material to be contraband.

The material facts are not in dispute. The defendant was stopped in traffic and arrested pursuant to an outstanding warrant. In the course of a search pursuant to arrest, the officers found a vial of pills. Based upon his training and experience, the officer testified, he recognized the white double-scored tablets as amphetamines and he seized them.

In *Elkins* there was no evidence that the officer had cause to believe that pills found on the defendant were amphetamines. Here, as in *State v. Cortez,* 10 Or App 122, 125, 497 P2d 1228, *rev den* (1972), and *State v. Cooper,* 7 Or App 252, 255, 489 P2d 969, *rev den* (1972), the officer's training in the identification of dangerous drugs and his observations of the markings of these drugs gave him probable cause to believe that these drugs were amphetamines. *Elkins* is therefore distinguishable. *See State v. Florance,* 270 Or 169, 527 P2d 1202 (1974).

The trial court reasoned that the officer had no probable cause as required by *Elkins* because he acknowledged that the pills could have been aspirin. The officer testified in cross-examination that the peculiar markings of the pills indicated that they were what are called "cross tops, cross wheels, bennies." He was then asked if any substance, even aspirin, if run through the same press would have the same mark-

ings and he answered affirmatively. Probable cause does not require certainty. It requires well-warranted suspicion. *State v. Keith,* 2 Or App 133, 142, 564 P2d 724, *rev den* (1970). The remote possibility that aspirin may have been run through a pharmaceutical press regularly used for the manufacture of amphetamines, does not diminish the officer's probable cause to believe that drugs with peculiar markings of amphetamines are in fact amphetamines.

Reversed and remanded.