Argued and submitted April 23, affirmed August 4,
reconsideration denied Spetember 16, petition for review
allowed by opinion November 16, 1982 (294 Or 77, 653 P2d 960)

# STATE OF OREGON,
*Respondent,*

*v.*

# DANIEL FLORES,
*Appellant.*

## (No. 10-81-05891, CA A22413)

648 P2d 1328

Ernest E. Estes, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Christine L. Dickey, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Defendant appeals from his convictions for being an ex-convict in possession of a firearm and for possession of a controlled substance. He argues that certain drugs and a handgun obtained in a search of his automobile should have been suppressed. We affirm.

On June 13, 1981, police officer Costanza saw defendant run a stop sign. Before Costanza stopped defendant's car, he saw defendant bob up and down in his car as if he was "involved with something" on the floor.

When defendant stopped, Costanza approached him and asked to see his driver's license. He observed that defendant was "shifting around, talking nervously, reaching very quickly into different places in the front seat of his car." He then saw defendant reach into a brown paper bag and pull out an object, which he then held close to his thigh. He ordered defendant out of the car. As defendant was getting out, his car began to roll. Officer Keever, who was assisting Costanza, immediately jumped in the car and applied the brake.

Costanza could see a small portion of a clear plastic baggie in the hand defendant used to reach into the paper bag. Having seen plastic baggies used for carrying drugs in the past, he seized the baggie from defendant. It appeared to contain marijuana. He observed, after he seized the baggie, that defendant's behavior at that time was "strongly altered" and that he appeared to be under the influence of some intoxicant.

Costanza then searched the open brown paper bag from which defendant took the plastic bag. He found a cigarette purse. He squeezed it and felt "something squishy and soft" inside and also a hard object. He testified that it did not feel like cigarettes. He opened the pouch and found three small, clear plastic bags containing a white powder and a small glass bottle with a white cap containing a white residue.

He also found a change purse in the brown bag. He felt the bag and felt hard objects that did not feel like coins. Opening the purse, he found two manicure tools, a small glass jar with white liquid, a small glass bottle

containing white powder, a test tube, and an intravenous syringe. He then approached defendant and asked him if the substances were cocaine or heroin. Defendant said they were neither. Costanza showed defendant the substances and asked him what they were. Defendant said they were "speed." Costanza had not advised defendant of his *Miranda* rights at that time.

Officer Keever then searched the back seat of defendant's car. He found a gun in a lidless box in the back seat, covered by some clothing. Defendant was placed under arrest.

The trial court held that the evidence seized from the inside of the vehicle, including the marijuana taken from defendant's hand, the contents of the brown paper bag and the firearm were admissible. It held that defendant's statements made prior to the reading of his *Miranda* rights were inadmissible. Finally, the court held that items seized from a closed container by Officer Keever when he returned to defendant's parked car after the arrest were inadmissible.

■ Defendant admits that the initial stop was valid. His first claim is that the seizure of the baggie containing marijuana from his hand was overly intrusive. As defendant argues, furtive gestures alone do not give rise to probable cause. *State v. Wight,* 48 Or App 731, 734-35, 617 P2d 928 (1980); *State v. Hunt,* 15 Or App 76, 79-80, 514 P2d 1363 (1973), *rev den* (1974). However, such gestures combined with a suspicious object and a gesture that could reasonably be interpreted as an attempt to remove the object from the officer's view, do give rise to probable cause. *State v. Hunt, supra.*

■ Here, Costanza testified that defendant made numerous furtive gestures as he was pulling over. He then reached into a brown paper bag and took out a baggie which he attempted unsuccessfully to conceal in his hand close to his thigh. Costanza could see the baggie. He testified that he had seen baggies used to carry controlled substances. The furtive gestures, combined with defendant's attempts to conceal the baggie, provided probable cause for the seizure of the baggie. *See State v. Hunt, supra.*

■ Defendant's possession of the baggie also made him subject to immediate arrest. ORS 133.310. The officer did, in fact, arrest him.[1] Under these circumstances, a search of the passenger area of the car was valid as incident to a lawful arrest. *New York v. Belton,* 453 US 454, 101 S Ct 2860, 69 L Ed 2d 768, 775 (1981).[2]

■ The only question arguably remaining is whether the brown paper bag from which defendant took the baggie, the cigarette and change purses found in the brown paper bag, and the lidless box behind the driver's seat could be searched. We think *Belton* answers this question, as well. Both the brown paper bag and the box were open containers and were subject to search as part of the search of the car incident to defendant's arrest. *Cf. United States v. Ross,* 50 USLW 4580, 4587, ___ US ___, ___ S Ct ___, ___ L Ed 2d ___, (June 1, 1982).

Affirmed.

---

[1] A search which precedes formal arrest is nonetheless a search incident to arrest if, at the time of the search, there existed probable cause to arrest. *Rawlings v. Kentucky,* 448 US 98, 111, 100 S Ct 2556, 65 L Ed 2d 633 (1980); *State v. Groda,* 285 Or 321, 591 P2d 1354 (1979); *State v. Elk,* 249 Or 614, 439 P2d 1011 (1968). *But see State v. Newman,* 292 Or 216, 637 P2d 143 (1981).

[2] Our disposition of this question on this ground makes it unnecessary to consider whether the search was independently justified on grounds of probable cause and exigent circumstances, *see State v. Krohn,* 15 Or App 63, 514 P2d 1359 (1973), *rev den* (1974); *State v. Nichol,* 55 Or App 162, 637 P2d 625 (1981); *State v. Green,* 285 Or 337, 591 P2d 1362 (1979); *Chambers v. Maroney,* 399 US 42, 90 S Ct 1975, 26 L Ed 2d 419 (1970), or pursuant to statute. *See* ORS 167.247.