Argued and submitted October 16, 1991, reversed and remanded for new trial
July 8, 1992

# STATE OF OREGON,
*Respondent,*

*v.*

# GERALDINE VIRGINIA FACCIO,
*Appellant.*

## (10-89-05335; CA A64873)

834 P2d 485

George W. Kelly, Eugene, argued the cause and filed the
brief for appellant.

Cynthia A. Forbes, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Deits and De Muniz, Judges.

DEITS, J.

## DEITS, J.

Defendant appeals her conviction for unlawful possession of a controlled substance. ORS 475.992. She assigns error to the trial court's denial of her motion to suppress. We reverse and remand.

On November 23, 1988, at approximately 3:30 a.m., Eugene police officer Doe was on patrol. When he noticed a car turning off onto a number of side roads as if to avoid him, he became suspicious. He followed the car and saw it pull over to the side of the road for several minutes, then pull back onto the road again and proceed without headlights for a short time before turning them back on. Doe again followed the car, which accelerated around a corner in an apparent attempt to avoid him. Doe eventually located the car parked in the driveway of a house. He parked behind the car and ran a records check, which indicated that defendant, the registered owner, had a suspended license. Before approaching the car, Doe waited for assistance from another officer, Southey.

Doe approached the car from the passenger side, and Southey approached from the driver's side. There was condensation on the windows, but the officers could see two people in the front seat leaning over, apparently trying to hide. Defendant was in the passenger seat. Doe told her and the driver, Newson, to sit up. He advised defendant that he was going to put her in handcuffs "until I get things figured out." He then ordered her to get out of the car. Southey began to question Newson, who was still in the car. As defendant was getting out of the car, Doe saw a sheathed knife on the right side of Newson's belt. Doe handcuffed defendant and told Southey about the knife. Newson was arrested for being an ex-convict in possession of a prohibited weapon. Southey searched the car after the arrest and discovered a handgun, syringes and methamphetamine in defendant's purse.

■     Defendant first argues that the motion to suppress should have been granted, because the initial stop of her car was a "pretext stop" and, therefore, unlawful. The trial court found that Doe had seen defendant's car pull out from the curb without lights, and we must accept that finding. *Ball v. Gladden*, 250 Or 485, 487, 443 P2d 621 (1968). When an officer has a legitimate reason to stop a person, the fact that

there may have been other motives does not render the stop unlawful. *State v. Olaiz*, 100 Or App 380, 383, 786 P2d 734, *rev den* 310 Or 122 (1990). Because Doe saw defendant's car without headlights, he could properly stop the car to investigate the traffic infraction and issue a citation. ORS 810.410.

Defendant next contends that, even if the stop was lawful, the officers' conduct during the stop was "overly intrusive" in violation of ORS 810.410, Article I, section 9, of the Oregon Constitution and the Fourth Amendment. Specifically, she complains that being removed and handcuffed was illegal and that, had she not been required to get out of the car, Doe would not have seen the knife on Newson's belt and there would have been no justification for a search of the car. The trial court found that the officers' conduct was "reasonable under the circumstances" to ensure officer safety.

■ The state does not argue that, when the officers first approached defendant in the car, they had probable cause or a reasonable suspicion that a crime had been committed. Doe testified that, at the time that he asked defendant to get out of the car, he did not have any reason to believe that she had committed a crime. As discussed above, the only justification for the stop was a traffic infraction, the investigation of which must be "reasonably related to the traffic infraction, identification and issuance of citation." ORS 810.410(3)(b). Ordering defendant, a passenger, out of the car to be handcuffed is not reasonably related to the investigation of Newson's traffic infraction. *See State v. Porter*, 312 Or 112, 120, 817 P2d 1306 (1991).

■ The state contends, however, that the officers' actions were justified on the basis of safety concerns. As explained in *State v. Bates*, 304 Or 519, 524, 747 P2d 991 (1987), Article I, section 9, does not forbid an officer from taking reasonable steps for protection if,

> "during the course of a lawful encounter with a citizen, the officer develops a reasonable suspicion, based upon specific and articulable facts, that the citizen might pose an immediate threat of serious physical injury to the officer or to others then present."

The inquiry on judicial review is whether the precautions taken were reasonable under the circumstances as they

reasonably appeared at the time that the officer's action was taken.

The state argues that the safety concerns that justify the officers' actions were the erratic driving observed by Doe, the condensation on the windows of the car, Southey's observation that Newson was a "hard-core looking type of person," defendant and Newson's evasive behavior in the car and the fact that the car was parked in a darkened area. Those are very similar to the kind of safety concerns that the court in *State v. Bates, supra,* determined did not justify the conclusion that the defendant posed an immediate threat. Although the circumstances here may well have warranted caution by the officers, they did not collectively justify a suspicion that defendant posed an immediate threat. We conclude that removing her from the car and handcuffing her were not reasonable precautions under the circumstances. Because the discovery of the knife on Newson and his arrest were a result of the unlawful removal of defendant from the car, evidence obtained from the subsequent search of the car must be suppressed. The trial court erred in denying defendant's motion to suppress.

Reversed and remanded for new trial.