Argued and submitted June 22, 1992, reversed and remanded for new trial
February 3, 1993

STATE OF OREGON,
*Respondent,*

*v.*

EDWIN CHARLES SMAY,
*Appellant.*

(D9106908M; CA A72767)

845 P2d 1294

Laura Graser, Portland, argued the cause and filed the brief for appellant.

Katherine H. Waldo, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were

Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DEITS, J.

## DEITS, J.

Defendant appeals his conviction for unlawful possession of a firearm. ORS 166.250. He assigns error to the trial court's denial of his motion to suppress and to his conviction by the court without a written jury waiver. Regardless of our resolution of the first issue, the state concedes, and we agree, that this case must be remanded for a new trial because there was no written jury waiver. *State v. Kendall*, 96 Or App 735, 773 P2d 1362, *rev den* 308 Or 382 (1989). We address the denial of defendant's motion to suppress the handgun seized from him, because it is likely to arise again on retrial.

On September 13, 1991, at approximately 9:30 p.m., Officer Harrell and a reserve officer were patrolling a parking lot next to a Beaverton city park. They were in the area because of previous reports of "rowdy" behavior. Defendant was sitting under a tree drinking beer with two other young men. Harrell saw the three youths and suspected that they were minors in possession of alcohol.[1] He approached them and asked for identification. Defendant provided his identification, but appeared to be nervous and intoxicated. He repeatedly glanced around, whispered to his companions and kept his left hand behind his back for most of the four to five minute conversation with Harrell. Harrell then ordered defendant to show him his left hand and frisked him for weapons. He discovered a .25 caliber automatic weapon in defendant's back pocket.

Defendant moved to suppress evidence of the firearm. At the hearing on the motion to suppress, Harrell testified that he thought that defendant was either going to try to harm him or escape:

> "He was glancing around, he was constantly whispering to his friends; * * *. I've had people in the past who have glanced around and within seconds have taken off running, have tried to, in situations have tried to do me harm. I had all such reasons to be concerned."

The trial court held that the frisk was justified because of Harrell's concern for his safety.

---

[1] Drinking alcohol in a public place is also a violation of a city ordinance.

■ Defendant contends that Harrell's actions may not be justified on the basis of safety concerns. An officer may take reasonable steps for protection if, during a lawful encounter with a citizen, the officer develops a reasonable suspicion, based on specific and articulable facts, that the citizen might pose an immediate threat of serious physical injury to the officer or others. *State v. Bates*, 304 Or 519, 524, 747 P2d 991 (1987); *State v. Kemp/Haworth*, 112 Or App 522, 527, 831 P2d 37, *rev den* 313 Or 627 (1992). The inquiry on appeal is whether the precautions taken were reasonable under the circumstances as they reasonably appeared at the time of the officer's action.

In *State v. Bates, supra*, the officer asked the defendant to take out and open a bag located under the front seat of the car in which the defendant was sitting. The state sought to justify the officer's action based on safety concerns. The circumstances relied on to justify those concerns were: the vehicle had out-of-state license plates, it was late at night, it was a high crime area, the defendant had long hair and wore a black leather jacket, and a VCR and television set were in the back seat of the car. The court in *Bates* concluded that these facts were too generalized; they did not include sufficiently specific and objective behavior of the defendant to support a reasonable belief that the defendant posed an immediate threat to the officer's safety.

■ Since the *Bates* decision, we have applied its test to a variety of circumstances. In evaluating whether the particular action taken by an officer may be justified, we have refused to uphold police action based primarily on generalized concerns about officer safety. *See, e.g., State v. Faccio*, 114 Or App 112, 834 P2d 485 (1992); *State v. Matthys*, 106 Or App 276, 808 P2d 94, *rev den* 311 Or 433 (1991); *State v. Baldwin*, 76 Or App 723, 712 P2d 120 (1985), *rev den* 301 Or 193 (1986). However, we have upheld police action when the officer's concerns were based on articulated specific, objective conduct of the defendant. *See, e.g., State v. Kemp/Haworth, supra; State v. Bechtold*, 99 Or App 593, 783 P2d 1008 (1989), *rev den* 309 Or 521 (1990); *State v. Starkweather*, 98 Or App 7, 777 P2d 418 (1989); *State v. Schellhorn*, 95 Or App 297, 769 P2d 221 (1989).

Here, Harrell encountered defendant and his companions in the evening near a park where there had been reported "rowdy" behavior. Defendant appeared intoxicated and nervous, continually whispering to his companions and holding his left hand behind his back in a position where the officer could not see it. Harrell also stated that he had previous bad experiences involving persons who behaved similarly. The precautionary measure taken by Harrell here was minimally intrusive. This is not a situation, such as in *State v. Faccio, supra*, where the defendant was handcuffed based only on generalized concerns about the circumstances. As the Supreme Court noted in *State v. Bates, supra*, 304 Or at 524, an officer in the field often has little time to weigh the magnitude of a potential safety risk against the intrusiveness of particular protective measures. The court said that officers should be allowed considerable latitude in taking safety precautions. We conclude that Harrell's action of frisking defendant was reasonable under the circumstances as they appeared to him.

Defendant also argues that, because the stop here was for an infraction, under *State v. Porter*, 312 Or 112, 817 P2d 1306 (1991), the officers were more limited in taking action to protect their safety than in other types of encounters with citizens. Even assuming that *Porter* imposed such a limitation, we reject defendant's argument because, unlike *Porter*, this case did not involve a stop for a traffic infraction. The trial court did not err in denying defendant's motion to suppress.

Reversed and remanded for a new trial.