Argued and submitted September 29, 2008, reversed and remanded July 1, 2009

# STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

# NOE MARTINEZ ROBLES, JR.,
*Defendant-Appellant.*

Yamhill County Circuit Court
MI060715; A134937

211 P3d 311

Kristin A. Carveth, Deputy Public Defender, argued the cause for appellant. With her on the brief was Peter Gartlan, Chief Defender, Legal Services Division, Office of Public Defense Services.

Denis M. Vannier, Assistant Attorney General, argued the cause for respondent. On the brief were Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Stacie F. Beckerman, Assistant Attorney General.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Riggs, Senior Judge.

LANDAU, P. J.

**LANDAU, P. J.**

■　　　Defendant appeals his conviction for endangering the welfare of a minor, ORS 163.575, asserting two assignments of error. First, he argues that the trial court erred in denying his motion to suppress evidence discovered during a stop that defendant contends was unlawful. According to defendant, when the police initially stopped him, they lacked reasonable suspicion that he had committed, or was about to commit, a crime. Second, he argues that the trial court erred when it proceeded to a stipulated facts trial to the court without obtaining a written jury trial waiver. The state concedes that the trial court erred in failing to obtain defendant's written jury trial waiver and that the judgment must be reversed and remanded for a new trial. The state argues, however, that the trial court properly denied defendant's motion to suppress evidence discovered during the stop because, at the time the police stopped him, defendant "appeared nervous, seemed secretive, and had placed a large object in his pants." That, the state contends, suffices to establish reasonable suspicion of criminal activity.

■　　　We agree with and accept the state's concession regarding the lack of a written jury trial waiver and therefore reverse and remand the judgment on that basis. On the suppression issue, as explained below, we agree with defendant that, when the police stopped him, they lacked reasonable suspicion that he had committed a crime and that the trial court therefore erred in denying his motion to suppress evidence.

　　　The relevant facts are not in dispute. At about 7:45 p.m. on July 28, 2006, Yamhill County Sheriff's Office Detectives Bowdle and Ray were on patrol in Newberg during that town's "Old Fashioned Festival." The detectives were riding in an unmarked pickup truck and were wearing clothing issued for the particular detail to which they were assigned, consisting of black military-style pants plus polo shirts bearing embroidered insignia and the word "deputy." Each officer also was displaying a metal badge and was carrying a gun. It was still light outside.

　　　Several blocks from the festival entrance, Ray directed Bowdle's attention to defendant, who was standing

by the open door of a parked vehicle, dressed in short pants and a T-shirt. There were several people inside the vehicle. Defendant was looking around "like he didn't want anybody to see what he was doing"; he appeared "nervous." Bowdle saw defendant put an object under his shirt and into the waistband area of his pants and make several attempts to get into the car. According to Bowdle, defendant appeared to be unable to get into the car because "something was blocking his upper body from being able to go down." Bowdle did not actually see the object and was unable to discern its shape, but he "assumed" that it was large.

Bowdle believed that defendant "obviously" had done something wrong, such as that he had "a weapon or something." Bowdle and Ray got out of their vehicle and walked quickly toward defendant. Defendant initially had his back to the officers. After the officers identified themselves to defendant and said "stop," defendant turned his body sideways to them. Bowdle asked defendant to show his hands. Defendant turned his back to the officers. Bowdle felt "scared enough" that defendant could have a weapon, so he drew his gun and ordered defendant to the ground. Defendant started "digging around again in his pockets." Bowdle took defendant to the ground and handcuffed him. He then searched defendant's waistband area, where he discovered a "rather large" glass marijuana bong. Also on defendant's person, Bowdle discovered a set of digital scales and a small amount of marijuana in a plastic bag.

After defendant had been handcuffed and searched, Ray obtained the driver's consent to search the vehicle. Ray discovered a glass pipe in the back seat, which defendant admitted belonged to him. A 13-year-old girl was sitting in the back seat.

Defendant was charged with endangering the welfare of a minor. Before trial, he moved to suppress the discovered evidence. At the close of the suppression hearing, defendant argued that the only objective, articulable facts to which Bowdle had testified were that the officers thought that defendant was looking around in a suspicious manner and that he was in possession of something that prevented him from getting into the vehicle. Those facts, he argued, were

insufficient to allow Bowdle to suspect that defendant had committed or was about to commit a crime. The trial court denied defendant's motion. The court reasoned that Bowdle reasonably suspected that the object that the officer observed defendant concealing was a weapon and that the existence of a concealed weapon, combined with defendant's attempt to turn away from the police, was an objectively reasonable basis for suspecting that defendant was committing a crime and that he was a threat to the officers' safety.

On appeal, defendant reiterates his argument made below: that, under Article I, section 9, of the Oregon Constitution and the Fourth Amendment to the United States Constitution, a stop must be based on reasonable suspicion that an individual is involved in criminal activity, and that justification was lacking here. Defendant argues that, consistently with *State v. Butkovich*, 87 Or App 587, 591, 743 P2d 752, *rev den*, 304 Or 548 (1987), furtive gestures alone do not justify a stop and that Bowdle articulated no other facts that supported his belief that defendant was concealing a weapon, as opposed to some other object; for example, Bowdle did not testify that he knew that defendant had a history of carrying concealed weapons or that the object had physical characteristics consistent with a weapon.

In response, the state relies in part on *State v. Frias*, 115 Or App 149, 836 P2d 1367 (1992), in which this court held that police officers reasonably suspected the defendant of criminal activity when the defendant, while looking around nervously to make sure that he was not being observed, placed a rolled-up paper bag first in his pocket and then in his sock. The state argues that this case is more like *Frias* and other cases involving furtiveness plus attempts to conceal objects than it is like *Butkovich*, which involved only a general furtiveness on the part of the defendant. In short, the state argues that the combination of defendant's nervous demeanor and his attempts to conceal what police officers assumed was a large item in an "unusual place"—inside his clothing—was enough.[1]

---

[1] The state does not argue on appeal that the officers reasonably believed that defendant was a threat to their safety or that of the public.

■ Reasonable suspicion requires a subjective belief by the police officer that the person has committed a crime or is about to commit one, and that belief must be objectively reasonable under the totality of the circumstances. ORS 131.605(5); *State v. Hitchcock/Winters*, 224 Or App 77, 86, 197 P3d 33 (2008) (citing *State v. Ehret*, 184 Or App 1, 7, 55 P3d 512 (2002)). The officer may draw reasonable inferences from the circumstances based on the officer's experience. *State v. Hames*, 223 Or App 624, 628, 196 P3d 88 (2008).

In this case, the officers' belief that defendant had committed or was about to commit a crime simply was not objectively reasonable. First, although Bowdle and Ray observed defendant looking around and attempting to place an object in his clothing, there is no evidence that, at that time, defendant *was aware* that the officers were observing him—that is, there is no evidence that he was engaging in the conduct of concealing an object in response to the presence of the police. *Cf. State v. McKinney*, 174 Or App 47, 53, 23 P3d 386 (2001), *rev den*, 333 Or 260 (2002) (the defendant "sought to hide what she had in her hand when she saw the officers approach"); *State v. Smay*, 118 Or App 31, 35, 845 P2d 1294 (1993) (after officers approached the defendant, he appeared nervous and held his hand behind his back "in a position where the officer could not see it").

Second, there was no testimony by the officers as to any characteristic of the object itself that made it reasonable to believe that the object was a weapon or something illicit. *Cf. State v. Brenner*, 151 Or App 159, 162, 947 P2d 1139 (1997) (the defendant's attempt to hide a metal match container of a type commonly used for carrying controlled substances gave rise to probable cause); *Frias*, 115 Or App at 153 (police officer saw the defendant attempt to conceal a bag that was "rolled in a manner that [the officer] knew was commonly used to carry drugs and drug paraphernalia"); *State v. Flores*, 58 Or App 437, 439, 648 P2d 1328, *rem'd for recons on other grounds*, 294 Or 77, 653 P2d 960 (1982) (officer could see that the object that the defendant was attempting to conceal was a clear plastic sandwich bag of the type used for carrying drugs); *State v. Hunt*, 15 Or App 76, 80, 514 P2d 1363 (1973) (the defendant's attempt to remove from police officer's view a "highly suspicious object"—a hand-rolled cigarette—justified officer's seizure of person). It was not until

*after* Bowdle had seized defendant that he was able to discern that defendant had a "hard cylindrical object" in his waistband.

Finally, this is not a case in which a person's verbal response to an officer's inquiry about an object bolsters the officer's suspicions regarding the nature of the object. *Cf. State v. $113,871 in U.S. Currency*, 152 Or App 770, 778, 954 P2d 218, *rev den*, 327 Or 305 (1998) (the defendant's questionable statements about the purpose of his journey and his lies about the contents of his briefcase contributed to the officer's probable cause to believe that the defendant was engaged in drug trafficking); *State v. Starkweather*, 98 Or App 7, 10, 777 P2d 418 (1989) (When the defendant was asked to reveal the object under his coat that he had glanced toward and reached for, the defendant responded, "Don't make me do that, officer."). Rather, in this case, the officers and defendant exchanged no information at all regarding defendant's actions or the nature of the object that the officers believed he was attempting to conceal before the officers placed defendant on the ground and handcuffed him.

In short, the sole basis for the officers' suspicion that defendant had committed, or was about to commit, a crime was the fact that he appeared nervous, seemed secretive, and was having trouble placing an object of unknown size and shape in his pants. Without more, that is simply insufficient to establish the required reasonable suspicion to justify the stop. It necessarily follows that the trial court erred in denying defendant's motion to suppress the resulting evidence.

Reversed and remanded.